MOORE ET AL. v. CITY OF LITTLE ROCK.

1. CITIES: *Annexation of territory: Dedication.*
   If the owner of land contiguous to a city of the first class lays it off into blocks and lots as an addition to the city, he thereby constitutes it an annexation, and dedicates the intervening streets and alleys to the city.

2. SAME: *Mortgagor can not annex: Taxes: Injunction.*
   A mortgagor can not annex the mortgaged land to a city so as to affect the rights or security of the mortgagee; and the latter may enjoin the collection of taxes on such land annexed without his consent.

3. SAME: *Sale under mortgage avoids dedication.*
   A foreclosure sale under mortgage, of land dedicated to a city by the mortgagor since the mortgage, avoids the dedication and the purchaser buys free from it.

4. ACKNOWLEDGMENT: *Defective: Who may not avoid.*
   A defective acknowledgment of a mortgage can not be avoided by one acquiring the mortgaged property without value.

APPEAL from *Pulaski* Circuit Court, in Chancery.
Hon. D. W. CARROLL, Chancellor.

*U. M. & G. B. Rose* for appellants.

1. A mortgage remains a valid lien until the debt has been discharged; it can be satisfied only by payment. Extension of time; giving new notes, or execution of subsequent mortgages, does not discharge it, but the original remains in force until discharged by payment. *33 Iowa, 373; 5 Cal., 455; 9 Ib., 104; 23 Ind., 397; 14 Conn., 260;*

*Ib., 334; 10 N. H., 210; 23 Miss., 173; 18 Ind., 496; 58 Mo., 213; 23 Ala., 797; 37 Me., 11; 37 Ark., 91; 36 Ark., 69; 13 N. Y., 556; 14 Ark., 86; 20 Wend., 17; 2 Jones on Mort., sec. 929.*

The donation of the streets and alleys to the public was made subject to the mortgage for the purchase money, and that dedication was cut off by the foreclosure.　The mortgagor had only an equity of redemption in the premises, and his rights and those of his grantees were terminated by foreclosure. *Hague v. Inhabitants, etc., 23 N. J. Eq., 354.*

2.　Paying taxes on the quarter section of land as " McDonald & Wheeler's addition, etc.," is no ratification of the action of the parties laying it out into lots and blocks. Nor is this a case of equitable estoppel, for no act has been done by which another has been misled to his injury.

*W. L. Terry,* City Attorney, argued the case orally.

Smith, J.　The object of this suit was to enjoin the collection of city taxes on a quarter section of land adjacent to the city, but wholly unimproved, according to the uncontroverted averments of the bill.　The plaintiffs were two married women, non-residents of the State.　In the latter part of the year 1870, or beginning of 1871, they had sold and conveyed the land to Alexander McDonald, and had taken a mortgage back for the purchase money. This mortgage was in good form, properly executed and acknowledged, and duly recorded.　Afterwards, upon an extension of time for the payment of the purchase money, McDonald executed a new mortgage, but the acknowledgment of this was defective.

In 1872, McDonald and one Wheeler, who had in the meantime acquired an interest in the property from McDonald, conveyed it in trust to John W. Faust as trustee,

to lay it out in lots and blocks. And in 1873, Faust by bill of assurance, laid the land off as McDonald and Wheeler's Addition to the City of Little Rock, and donated the streets to the public.

The purchase money not having been paid, the plaintiffs filed their bill and obtained a decree of foreclosure, and at the sale bought the land in.

Upon the final hearing, the Chancellor held that the land was within the corporate limits of the City of Little Rock, and dismissed the bill for injunction.

1. CITIES: Annexation of territory: Dedication.    No doubt causing the land to be laid off as an addition, and subdividing it into lots and blocks, was a dedication of the intervening streets and alleys, so far as McDonald, or any title derived from him, is concerned. The statute declares the legal effect of such acts, when done in relation to territory contiguous to a city of the first class, to be annexation. *Gantt's Digest, sec. 3317; Act of March 9, 1875, sec. 94; City of Little Rock v. Parish, 36 Ark., 166.*

But could a dedication by McDonald affect the plaintiffs' mortgage?

2. Mortgagor can not annex after mortgage.    A dedication must be by the owner of land or of an estate therein. If a mere intruder upon this land had attempted to lay it off as an addition, the true owner would not be bound. And the dedication of the owner of a particular estate will not bind the remainder-man, when the estate comes into his possession. *2 Smith's Lead. Cas., [90], notes to the case of Dovaston v. Payne.*

And a dedication by an agent without authority would not bind his principal.

Now a mortgagor is, for most purposes, regarded in equity as the beneficial owner. But he can do nothing to diminish the security. And the mortgagee is not affected by his acts in passing any right of his in the premises to

third persons. Thus, if he conveys the land, his grantee takes only an equity of redemption. If he confesses judgment, the lien which his creditor obtains is subject to the mortgage. If he gives a lease or a license, the mortgagee need not respect it after he gets possession upon foreclosure.

It is plain McDonald could not have dedicated the whole tract, as for a park or pleasure ground, to the prejudice of plaintiffs. Neither could he dedicate, let us say, one-fourth of it for streets and alleys, so as to bind them. The plaintiffs had a right to the whole premises as security for their debt. They could not be compelled to take three-fourths of the land as payment. A foreclosure sale under a mortgage to secure the purchase money avoids a previous dedication by the mortgagor, and a purchaser at such sale buys free from it. *Hague v. Inhabitants of West Hoboken, 23 N. J. Eq., 354.*

The defect in the certificate of acknowledgment is a matter with which the city has not the remotest concern, and of which it can take no advantage. It was not a purchaser for value. *Mastin v. Halley, 61 Mo., 196; Bishop v. Schneider, 46 Ib., 472.*

The payment of city taxes for 1875 and 1876, and of State and county taxes for the four following years, upon the land, under the description of "N. W. ¼ of Sec. 9, T. 1, N. R. 12 W., being all of McDonald & Wheeler's Addition to the City of Little Rock," are considered as acts of ratification and acquiescence of too slight and indecisive a character to affect the result.

The decree is reversed and an injunction will be awarded here.