## EATON *v*. SIMS.

### Opinion delivered Nov. 17, 1894.

59   611
77   227

*Evidence—Declarations of vendor.*

The rule that the declarations of a vendor, made after the sale, are inadmissible to impeach his vendee's title is subject to the exception that such evidence is admissible where there has been no change of possession, and there is such doubt as to the delivery of the property as would justify a jury in finding that there was no completed sale.

Appeal from Prairie Circuit Court, Southern District.

GRANT GREEN, JR., Judge.

#### STATEMENT BY THE COURT.

Appellee brought replevin for a mule, under the following claim of title: "This is to certify that I have this day sold my Fanny mare's mule colt for thirty-three dollars, to be delivered on the 10th day of September, 1890, all right and in good order ; *provided*, I fail to pay a certain note given by me for thirty-three dollars, dated March 14, 1890 " (signed) "C. E. Atherton." Appellee

testified that, on the 10th of September, 1890, Atherton came to appellee's house riding the mare, the colt following, and, as he rode up, said: "Here is the mule. I will have to let you have her. I cannot raise the money to redeem her." Whereupon he told Atherton to keep the mule until he called for her, and that he would pay him for keeping her. The mule colt remained in the possession of Atherton until she was taken by Eaton, the appellant. After the mule was taken, appellee and Atherton had a settlement, and in the settlement appellee allowed Atherton twenty-five dollars for keeping the mule. There was no change in the actual possession of the mule, and the proof does not show that the note for thirty-three dollars was ever surrendered.

Appellant had taken possession of the mule, claiming same by virtue of a mortgage executed by Atherton. Atherton had sent appellant word to come and take the property mentioned in the mortgage, and appellant took possession of the mule without objection from Atherton. Appellant, however, was informed by Atherton at the time that Sims claimed the mule, and had told him to tell appellant not to take her.

*J. H. Harrod* and *Geo. Sibley* for appellant.

The rule laid down in 6 Ark. 109, 17 *id.* 9, and 43 *id.* 321, is subject to this exception, that when the vendor retains possession of the property, his acts and declarations are admissible. 3 Carr. & Payne, 395; 10 N. Y. 309; 127 N. Y. 631.

WOOD, J., (after stating the facts). The sole issue was the ownership of the property. Appellant offered to prove that Atherton, after the day of the alleged sale and delivery, claimed the mule as his own, fixed a price upon her, and offered a number of times to sell her. This testimony was rejected, and the ruling of the court

in that regard is the only question for our consideration.

The general rule that the declarations of the grantor cannot be admitted to impeach the title of the grantee is well understood, and has been recognized by this court in a number of cases. *Gullett* v. *Lamberton*, 6 Ark. 109; *Brown* v. *Wright*, 17 *id.* 9; *Clinton* v. *Estes*, 20 *id.* 216; *Finn* v. *Hempstead*, 24 *id.* 111; *Smith* v. *Hamlet*, 43 *id.* 321. But where there has been no change of possession, and the transfer is alleged or shown to be fraudulent, or where there is such doubt of the delivery of the property as would justify a jury in saying there was no completed sale, in such cases the after-declarations of the vendor in possession are admissible. These are well settled exceptions to the general rule. See *Bowden* v. *Spellman*, *ante*, p. 251, and authorities there cited (where fraud was charged and shown). See also *Pier* v. *Duff*, 63 Pa. St. 63, where it is said: "The possession is a fact, and how it is held is a fact, and this may be shown on the same grounds upon which mere hearsay is permitted, when it forms a part of the *res gestæ*." *Helfrich* v. *Stern*, 5 Pa. St. 143; 1 Greenleaf, Ev. sec. 109; 2 Whart. Ev. sec. 1166.

The testimony offered tended to characterize the transaction between appellee and Atherton. It was material to the issue. Its rejection was prejudicial to appellant, and for this error he is entitled to have the judgment reversed and cause remanded. So ordered.

Hughes, J., dissents.