## DAVIES v. EPSTEIN.

### Opinion delivered December 2, 1905.

1. STREETS—DEDICATION BY FILING PLAT.—An owner of land, by laying out a town upon it, platting it into lots and blocks intersected by streets and alleys, and selling lots by reference to the plat, is held to have dedicated to the public use the streets and alleys and other public places marked on the plat, and such dedication is irrevocable. (Page 224.)

2. SAME—HOW INTENT TO DEDICATE ASCERTAINED.—In determining whether a landowner intended to make a dedication of his land for public use the intention to which the courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts. (Page 224.)

3. SAME—DECLARATION AS EVIDENCE OF INTENT TO DEDICATE.—A declaration by the owner of land that he had dedicated the same to the public use is admissible as being against interest. (Page 227.)

4. SAME—INTENT TO DEDICATE.—Where one owning lots along the water front of a navigable lake filed a plat showing no intervening space between a street and the lake, and sold lots according to such plat, a presumption arises that he dedicated the water front to the public use, and this presumption is not overcome by proof that less than a year

after filing the plat for record he conveyed a lot fronting on the lake, and inserted a recital declaring the margin of the lake to be the front line of the lot.   (Page 227.)

5.   INJUNCTION—OBSTRUCTION OF STREET.—A suit lies to restrain the obstruction of a street at the instance of an adjacent proprietor where the convenient use of his property will be materially impaired by the obstruction about to be erected in front of it, and the market value of his property will be depreciated thereby.   (Page 227.)                .

Appeal from Chicot Chancery Court; MARCUS L. HAWKINS, Chancellor; affirmed.

STATEMENT BY THE COURT.

·    This is a suit in equity brought by appellee, Sam Epstein, against appellant, Walter Davies, to restrain the latter from erecting a building on the sloping bank of Lake Chicot, between the town of Lake Village, as laid out and platted, and the water's edge.

The tract of land fronting on the lake (then known as Old River Lake) on which the town of Lake Village is situated, was originally owned by John Summers who, on July 8, 1856, laid out and platted the town, caused the plat to be recorded, and . thereafter sold lots according to the descriptions on the plat.

The plat shows a street fifty feet wide running north and south, parallel with the lake front, and abutting thereon.   This street is denominated on the plat "Front Street," and other streets are laid off on the plat running west at right angles.   The plat does not show the meander line of the lake, but the words "Old River Lake" appear thereon immediately in front of the street, indicating the situation of the lake and that Front Street abutted thereon.

The front section of the plat is as follows:

Old River Lake.

..................... Lake Margin .....................

Front Street, 50 Feet Wide.

| 10⅛ Ft. | 10⅛ Ft | | 10⅛ Ft | 10⅛ Ft | | 10⅛ Ft | 10⅛ Ft. | | 209 Ft | | 7⅛ Ft | 10⅛ Ft. | | 10⅛ Ft. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 82 | 81 | | 66 | 65 | | 50 | 49 | | | | 24 | 23 | | 2 | |
| 10⅛ Ft | 10⅛ Ft. | | 10⅛ Ft | 10⅛ Ft | | 10⅛ Ft. | 10⅛ Ft. | | | 209 Ft | 7⅛ Ft | 10⅛ Ft. | | 10⅛ Ft | |
| 84 | 83 | | 68 | 67 | | 52 | 51 | | | | 26 | 25 | | 4 | |

Another survey and plat were made a short time before the commencement of this suit, showing an irregular meander line of the lake front.   By action of the water in washing away the ·

top of the bank, the same has become more sloping, and by this process, as well as by. recession of the waters of the lake, the space between the top range of the slope or bank and the water's edge has been widened. It is also shown that at present the top range of the bank or slope is only ten to twenty feet from the front of the west line of Front Street, thus leaving only that much of the street as originally platted clear of the top range of the slope; and that the street, as now used by the public, encroaches upon the front of the lots abutting thereon. The plaintiff is the owner of lot number 49, according to the plat, and has a building thereon used as a hotel, and the defendant began the erection of a building in front of plaintiff's lot, near the water's edge and nine feet east of the original platted east line of Front Street.

This suit is brought to prevent the erection of the building by defendant on the alleged ground that Summers, the original owner dedicated the water front to the public, and that the plaintiff will suffer special injury by reason of the obstruction of his frontage on the open lake.

The defendant denied that any land east of Front Street was dedicated to the public use by Summers, set up title in himself to the land under mesne conveyances from Summers and by adverse possession for more than seven years. The conveyances from Summers, under which defendant claims title, describe all of the original tract of land except that part covered by the town of Lake Village.

Other facts deemed important to state are mentioned in the opinion.

The court rendered a decree in favor of the plaintiff, perpetually enjoining the defendant from erecting the building on the land in question, and the defendant appealed.

*James R. Yerger* and *Robinson & Beadle,* for appellee.

Intention to dedicate is essential, and must be clearly proved. 5 Am. & Eng. Enc. Law (1 Ed.), 400, 401. An inference of dedication, derived from circumstances tending to show an intent, may be rebutted by evidence negativing such intent. *Ib.* 412.

*John G. B. Simms,* for appellee.

Making a plat of a town and selling lots by it dedicates the streets and squares to the public. 9 Am. & Eng. Enc. Law (2 Ed.), 57-60; *Ib.* 61, note; *Ib.* 63; 130 Ind. 1. Such dedication is irrevo-

cable.   130 Ind. 77.   Marking streets on a plat as extending to tide water amounts to dedicating all the land so indicated.   12 N. J. Eq. 548.   No contrary intention being shown, the law presumes that the dedication was intended to enable the public to get to the water.   50 Minn. 441.   If any land has arisen since dedication, by dereliction, it inures to the benefit of the public.   9 Am. & Eng. Enc. Law (2 Ed.), 77; 13 Cyc. 484 and cases cited; *Ib.* 489 and note; 11 Ala. 63; 128 Ind. 377.

McCULLOCH, J., (after stating the facts.)   The primary question presented for our consideration is whether Summers, the original owner, dedicated to the public use all the land on the lake front east of the platted lots and blocks; for in no other way does the plaintiff claim any right to prevent the defendant from occupying the land on which he is about to build.

An owner of land, by laying out a town upon it, platting it into blocks and lots, intersected by streets and alleys, and selling lots by reference to the plat, dedicates the streets and alleys to the public use, and such dedication is irrevocable.   13 Cyc. pp. 455, 456, 457 and cases cited; Elliott on Roads and Streets, § 117.   He will also be held to have thereby dedicated to the public use squares, parks and other public places marked as such on the plat.   *Archer* v. *Salinas City,* 93 Cal. 43; *Mayor of Bayonne* v. *Ford,* 43 N. J. L. 292; *Rhodes* v. *Brightwood,* 145 Ind. 21; *Pierce* v. *Roberts,* 57 Conn. 31.

The fact depends upon the intention of the owner to dedicate to the public, as clearly and unequivocally manifested.   It is held, however, that "the intention to which courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts."   13 Cyc. p. 452, and cases cited; Elliott on Roads and Streets, § §124, 156.

It becomes, therefore, a question of fact in this case to determine whether the owner dedicated the land in controversy.

We think it is clear from an examination of the plat filed by Summers that he intended to dedicate to the public use all the land between the front tier of lots and the bank of the lake.   The plat shows no intervening space between Front Street and the lake.   The lake was then and is now a navigable body of water, and, manifestly, he did not intend to cut the town off from access to the water.   Yet, unless the conclusion is reached that he dedi-

cated this strip, the effect will be to entirely cut off access to the water, as there are no streets or ways laid off on the plat from Front Street to the water's edge. It is inconceivable that the owner intended to lay out a town on the banks of navigable water, and parallel the bank with a street, and at the same time entirely cut it off from access by the public. This is contrary to reason, and to the obvious intention of the owner in selecting the site for the town. Under such circumstances a presumption necessarily arises of a dedication that will give the public access to the water.

In the case of the *Village of Wayzata* v. *Great Northern Ry. Co.,* 50 Minn. 441, the court said: "When the grant or dedication to the public is for the purpose of passage, and goes to the water, the conclusion—there being no indication of a contrary intention—is inevitable that the grant or dedication was intended to enable the public to get to the water for the better enjoyment of the public right of navigation." See also *Mayor, etc.,* v. *Morris Canal & Banking Co.,* 12 N. J. Eq. 547; *Barclay* v. *Howell,* 6 Pet. (U. S.), 498; *Webb* v. *Demopolis,* 95 Ala. 116; *Yates* v. *Judd,* 18 Wis. 126; *Rowan's Heirs* v. *Portland,* 8 B. Mon. (Ky.), 232; *Parish* v. *Stephens,* 1 Or. 59; *Alves* v. *Henderson,* 16 B. Mon. (Ky.), 131.

In *Rowan's Heirs* v. *Portland, supra,* the Kentucky court said:

"That the town extended to the Ohio River, leaving no space between the town and the water, is a position which, in our opinion, does not admit of question. There is no line dividing or separating the town from the river. And, if there were, it should rather be presumed that the space between such line and the river was thus discriminated for the purpose of showing that it was intended for some use of the town different from that of the ordinary streets and public grounds (or that the cross streets, at least, were intended to be extended to the river at some future day) than that a town located upon the bank of such a river, and at point selected for its commercial advantages, should be wholly shut out from free and common access to the river. The unreasonableness of this latter presumption has been more than once declared by this court, and the fact that a town is laid off upon the bank of a navigable river has been held to be sufficient evidence of its extending to the water, unless a contrary intention is manifestly indicated."

The Supreme Court of Alabama, in the case of *Webb* v. *Demopolis, supra,* in discussing a state of facts quite similar to that presented in this case said:

"The river thus being a leading inducement to the location of the town and to the purchase of lots therein, it would have been singular indeed if the proprietors of the site had not made provision looking to the utilization of this waterway by those who had been induced in great part to settle there because of the facilities for transportation offered by it, and the public at large, by so laying out the town as to afford easy access to the river from the town, and *vice versa.* They did not fail to make such provision, but left the whole river front of the city open, unobstructed and free of access.   *   *   *   As to the extent of this dedication, or rather as to the limits of the street as dedicated, with reference to the river, there cannot, we think, be two opinions, so far as the question depends upon the intention of the proprietors of the soil. In view of the considerations which led to the establishment of a town at that point, the advantages expected to accrue to the inhabitants thereof from the facilities for transportation and commerce which the juxtaposition of this waterway offered, and the necessity to utilize and conserve these advantages by affording the public ready and unobstructed access to the river—considerations to which we have before adverted—and in view of the fact that, as appears from all the maps, no disposition of any part of the river front to private uses was contemplated by the founders of Demopolis and the dedicators of this street, the conclusion cannot be resisted that they intended that this street should embrace all that part of the site of the town which lay between the numbered lots and the water's edge at all stages of the river.   In no other way could their manifest purpose of providing a common highway, not only along, but to and on the river, be effectuated."

It has been held that "one who records a plat, and marks upon it spaces that appear to form no part of any platted lots, dedicates the land represented by the spaces thus excluded to a public use." Elliott on Roads and Streets, § 119; *Porter* v. *Carpenter,* 39 Fla. 14; *London & S. F. Bank* v. *Oakland,* 90 Fed. 691; *Hanson* v. *Eastman,* 21 Minn. 509; *Sanborn* v. *Chicago & N. W. Ry. Co.,* 16 Wis. 20; *Arnold* v. *Weiker,* 55 Kan. 510; *Yates* v. *Judd, supra.*

In addition to this, we have the testimony of one witness as to a positive declaration by the owner, several years after the alleged dedication but whilst he was yet owner of the land, that he had dedicated the water front to the public use. This was competent as a declaration against interest. *Cribbs* v. *Walker,* 74 Ark. 104, 85 S. W. 244, *Allen* v. *McGaughey,* 31 Ark. 252; *Eaton* v. *Sims,* 59 Ark. 611.

The only fact proved tending to negative an intention on the part of the owner to dedicate to the water front is that in a conveyance of a lot described according to the number on the plat, executed less than a year after the filing of the plat for record, the owner inserted a recital declaring the margin of the lake to be the front line of the lot so conveyed. We do not think this is sufficient to overcome the presumption of an intention to dedicate arising from other facts and circumstances proved. *Mayor, etc.,* v. *Morris Canal & Banking Co., supra.* This is not inconsistent with the dedication, as he may have intended to convey the fee, subject to the public use, so as to give his grantee special authority to prevent invasion by strangers of the front at that point. Indeed if the recital of this deed be given literal effect, it would negative any intention to dedicate Front Street, because, if he conveyed to the margin of the lake, he necessarily included the street in the grant. This he could not do, for the reason that his previous dedication was irrevocable.

Upon the whole proof, we entertain no doubt that a dedication of water front to the public use was intended by the owner, and his subsequent grantees must be held to an observance of it.

Nor do we think that appellant has sustained his claim to title by adverse possession. The occupancy by his grantors was not of such a character, nor of such continuous duration in point of time, as to warrant a finding of continuous adverse possession for a period of seven years under a claim of ownership.

The only remaining question is whether appellee has shown such a special and peculiar injury on account of the obstruction, not suffered in common with the public affected by it, as to give him the right to maintain a suit for injunction against its continuance and for its abatement. We think that, under the established principles of equity on the subject, he has done so. *Draper* v. *Mackey,* 35 Ark. 497; *Packet Co.* v. *Sorrels,* 50 Ark. 466;

*Wellborn* v. *Davies,* 40 Ark. 83; *Texarkana* v. *Leach,* 66 Ark. 40. It is proved that the convenient use of appellee's property will be materially impaired by the obstruction about to be erected in front of it, and that the market value of his property will be depreciated thereby. This unquestionably gives him the right to prevent the obstruction.

The decree is therefore affirmed.