## BREWER v. PINE BLUFF.

Opinion delivered November 12, 1906.

| 80 | 489 |
| f85 | 524 |
| 85 | 525 |
| 80 | 489 |
| 88 | 480 |
| 188 | 481 |

1. STREET—WHEN DEDICATION IRREVOCABLE.—Where the owner of land makes and records a plat thereof showing lots with streets and alleys, a subsequent sale of some of the lots is a dedication of the streets shown on the plat which is not revocable. (Page 492.)

2. SAME—ACCEPTANCE OF DEDICATION.—Where a street has been dedicated to the public by the owner, it is not necessary, in order to show an acceptance by the public, to prove a continuous user by the public for a time sufficient to constitute a way by prescription. (Page 493.)

3. SAME—INJUNCTION AGAINST REMOVAL OF OBSTRUCTION.—Though a street which has been dedicated to public use has not been formally accepted by ordinance as required by Kirby's Digest, § 5531, yet where the dedication has become irrevocable, equity will not at the instance of an adjacent landowner enjoin the city officers from removing obstructions from the street. (Page 494.)

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Samuel M. Taylor* and *William D. Jones,* for appellant.

1. There must be an intent to appropriate the land to public use, and if the intent of the owner is absent there is no dedication. 63 Ark. 5; 56 Md. 187; 9 How. 10; 1 R. I. 93; 59 Ark. 26; Dill. Mun. Corp. 631. The owner cannot convert his land into a public highway without the consent of the public, nor can the public dedicate it before he has in some way clearly assented to the dedication. 9 How. (U. S.), 30; 45 Md. 524; 70 Ala. 593; 9 Wis. 240. See, also, Elliott on Roads and Streets, 92; 13 Cyc. 452; *Ib.* 474.

2. If there was a dedication, this was withdrawn by Morris before its acceptance. He had the right to withdraw the dedication. 68 Ark. 64; Elliott on Roads & S. 113 *et seq.*; Washburn on Easements, 233.

3. In order to acquire a right to the land, there must have been an acceptance on the part of the city. And. Law Dict. 324; 2 Greenleaf, Ev. 662; Elliott on Roads & S. 119, 135-6; 14 S. W. 497; 12 Ky. Law Rep. 450; Kirby's Digest, § 5531.

4. To acquire the right of highway by prescription, the use of the land in question must have been continuous, uninterrupted and adverse for the statutory period. 59 Ark. 42; 47 Ark. 431;

50 Ark. 53; 47 Ark. 66.   Where the use is merely permissive and not adverse, there is no basis on which a right of way by pre-scription can rest.   Elliott on Roads & S. 137; 55 Am. Rep. 618; 94 N. C. 487.   The party who pleads prescription is bound to prove facts necessary to sustain the plea.   19 Am. & Eng. Enc. Law  30;  33 Ark.  633; .42 Ark.  118;  43 Ark.  469; *Ib.* 486; *Ib.* 504.

*W. F. Coleman,* for appellee.

1.   Whether or not the right of way was acquired by pre-scription was a question of fact.   The chancellor's finding on that point ought not to be disturbed.   78 Ark. 275.

2.   Where the owner of land makes a plat thereof, and sell lots by reference thereto, this amounts to a dedication. 77 Ark. 177.   And the burden was on plaintiff to show that no such street existed.  *Ib.* . The dedication was irrevocable. 77 Ark. 221.   On the question of intent, the courts give heed, not to the intention hidden in the mind of the landowner, but to that which is manifest by his acts.  *Ib.*

3.   It is probable that the act, Kirby's Digest, § 5531, was intended to protect municipalities against unsought and dis-agreeable burdens.   In any event the statute does not apply in cases where streets or alleys are claimed by prescription. 62 Ark. 408.

RIDDICK, J.  This is an action by W. F. Brewer to enjoin the city of Pine Bluff, the mayor and chief of police of that city from entering upon and removing a fence across a strip of ground claimed by Brewer as his property, but which the city alleges is a public street.

The facts, briefly stated, are that one Morris, who owned this land as a part of a larger tract in 1884, caused the tract to be laid off into lots and streets as an addition to the city of Pine Bluff, and recorded the plat of the same.   This particular piece of land is shown on this recorded plat as a street, a more definite idea of which can be obtained by reference to the copy of the plat shown below.

After Morris had laid off the land into lots and streets he sold to certain parties lots 1, 2, 3, 4, 5 and 6, and after that in 1886 he sold to one Carroll three other lots, describing them as "lots 11, 12 and Lake as designated in what is known as Morris's Addition to the City of Pine Bluff;" and referring to the plat that had been recorded. By the same deed he conveyed to Carroll a tract of land described in the deed as follows: that "strip or part of said addition beginning at the N. E. corner of lot 7, thence running east 30 feet, thence south to S. E. corner of said addition, thence west 30 feet, thence north to the point of beginning." This last described tract includes the strip of land in controversy. After Carroll purchased this strip, he placed a fence across the road, and this remained there for some three or four years, but was torn down about 1890, and from that time until 1903 the way was used by people passing along the street on foot and occasionally by persons on horseback. The lake or drain prevented passage across it by wheeled vehicles, and the street was not used in that way except to carry wood, coal or other household necessaries to the houses of the few persons who lived

on or near this strip of land. The city authorities exercised some supervision over this land, and on two occasions did some small amount of work on it. On another occasion the sanitary officer of the ·city interfered and forbade people from depositing empty cans and refuse of that kind there on the ground that it was a public street.

Carroll conveyed this land to his wife, and she in 1903 conveyed it to Brewer, who took possession and inclosed it. After Brewer purchased it he had it assessed and paid taxes on it, but it is not shown that any taxes were paid on it from the time the plat was made by Morris in 1884 up to 1903 when Brewer took possession. The city council, after Brewer took possession, passed a resolution condemning his fence across the strip as a nuisance, and ordered him to remove it, and notified him that upon his failure to do so it would be removed by agents of the city. Brewer thereupon brought this action in equity to enjoin the city and its officers from interfering with his possession of this property. On the final hearing the chancellor held that the strip of land was a public street, and dismissed the complaint for want of equity.

It is, as before stated, an undisputed fact that Morris, the original owner of this strip of ground, included it with other land owned by him in an addition to the city of Pine Bluff which he laid off and platted in 1884, and which plat he recorded. This strip of land was shown on this plat as a street. Its dimensions, 30 .feet wide and several hundred feet long, indicate clearly that it was intended for a street, and not a lot. In 1886, two years after this plat had been made, Morris sold this land to one Carroll, under whom defendant holds. But a witness whose deposition was read by plaintiff testified that previous to the sale to Carroll, Morris had sold six other lots in this addition. This testimony was admitted without objection, but the deeds showing the conveyances of these lots by Morris were not read, and it is not affirmatively shown that any reference to the recorded plat was made in these deeds, nor is it shown to whom the conveyances were made nor the consideration thereof. But, as Morris sold the lots, they were no doubt sold for a valuable consideration and described as lots in this addition, for they could not well be described in any other way. At least, it should be presumed, in

the absence of any showing to the contrary, that on the sale of lots in this addition they were described by reference to the plat thereof. The deed to Carroll, read in evidence, shows that these six lots were not sold to him. The making and recording of the plat by Morris showing his land divided into streets and alleys and the subsequent sale of a number of these lots was a dedication of the streets shown on the plat which he could not revoke. The sale and conveyance of a part of the street to Carroll did not revoke the dedication of this land as a public street because, as we have said, the dedication had then become irrevocable by a previous sale and conveyance of lots to other parties. 13 Cyc. 455, 463; 9 Am. & Eng. Law (2 Ed.), 57.

This dedication was also in a certain sense accepted by the general public, which, with the exception of a few years when it was fenced, entered upon and used this strip as a public way, so far as its nature permitted. Owners of adjoining land formed their fences to the line of this street, and some of them planted shade trees thereon. When the owner of land lays it out into lots and streets, and records a plat thereof, it is not necessary, in order to show an acceptance by the public, to prove a continuous use for a time sufficient to constitute a way by prescription. Although the nature of this street, cut in two by a lake or drain almost impassable to any except persons afoot, prevented it from being extensively used, yet we think the use was sufficient, continued as it was for ten or fifteen years, to constitute an acceptance of the dedication on the part of the public, which, when taken in connection with the sale of lots by the owner, shows clearly that this dedication could not be revoked by the owner, and that this strip of land is now a public way which the defendant has no right to obstruct. *Attorney General* v. *Abbott,* 154 Mass. 323, 13 L. R. A. 251; 13 Cyc. 465.

But for our statute on the subject the act of the city in doing work on this street, preventing the deposit of refuse thereon, and the passing of a resolution by the city council ordering the defendant to take down the fence across it, would be sufficient to constitute an acceptance of the dedication by the city. But the statute, after providing that all public highways, streets and alleys within a city shall be under the control of the city council, provides that no street dedicated to public use by the proprietor of

ground in a city "shall be deemed a public street or   *   *   *
be under the care or control of the city council unless the dedica-
tion shall be accepted and confirmed by an ordinance specially
passed for that purpose." Kirby's Digest, § 5531.

It may be that this act was intended to apply only where the
street was laid out through land already within the city, and that
it does not apply to streets laid off on ground outside of the city
limits and afterwards brought in by an addition to the city. The
evidence does not in this case show whether at the time the plat
of this land was made and recorded by Morris it was within the
city limits or not, but counsel on both sides seem to assume that
it was within the city at that time, and we shall treat it in that
way.

In *Waring* v. *Little Rock,* 62 Ark. 408, it was said that this
act did not apply to streets established by prescription. Now,
this street was dedicated after the passage of the act in question,
and it has never been accepted by the city in the statutory way.
Though the evidence shows that the city has occasionally exer-
cised some supervision and control over this strip, and that the
public has used it also, yet there is some room for doubt whether
such supervision and control has been sufficient to make it a way
by prescription, so that it would be considered a city street and
under the control of the city without the statutory acceptance.
But that question is not important in this case, for, as before
stated, the dedication of it as a public way has now become irre-
vocable, and the city can accept it at any time. Meanwhile the
public has the right to use it, and the plaintiff has no right to
obstruct it.

If we concede that, technically speaking, the city, not having
accepted it in the statutory manner, has no right to control it as a
city street, yet, as it is a way in which the public have rights, and
of which the plaintiff has wrongfully taken possession, equity will
not uphold him in that wrong by the writ of injunction.

We are therefore of the opinion that there was no equity in
the complaint, and that it was properly dismissed.

Judgment affirmed.