## MATTHEWS v. BLOODWORTH.

· Opinion delivered February 23, 1914.

1. PLEADING—DEDICATION—RIGHT TO STREETS AND ALLEYS—SUFFICIENCY OF COMPLAINT.—A complaint filed by the original owner of a tract of land, who had platted same as an addition to a town, and dedicated the streets and alleys to the public, charging that defendant, a purchaser of a block in said addition, had unlawfully taken pos· session of the surrounding streets and alleys, *held* insufficient to state a cause of action against defendant. (Page 549.)

2. DEDICATION—STREETS AND ALLEYS—REVOCATION.—An owner who plats his land into an addition to a town and files the same, and sells lots with reference to such plat, will be held to have dedicated the streets and alleys in such addition, irrevocably. (Page 549.)

3. DEDICATION—STREETS AND ALLEYS—ACCEPTANCE BY TOWN—RIGHT OF PURCHASER.—Where the plat of an addition to a town has not been accepted by the town, the rights of a purchaser, with reference to such streets and alleys is not affected thereby. (Page 549.)

4. STREETS—DEDICATION—ABANDONMENT—RIGHTS OF ORIGINAL OWNER.— The abandonment of the streets and alleys of an addition, by the public, does not give the original owner of the addition the right to recover the same from a purchaser in succession, who has unlawfully enclosed the streets and alleys. *Semble*, the town might have the right to enjoin the maintaining of such enclosure, or the original owner might maintain an injunction to abate a nuisance. (Page 549.)

5. APPEAL AND ERROR—AMENDMENT TO COMPLAINT.—It is not error to refuse to permit plaintiff to amend his complaint, so as to make an incorporated town a party plaintiff, where it was beyond the power of the plaintiff to make the town a party. (Page 549.)

Appeal from Clay Circuit Court, Western District; *J. F. Gautney*, Judge; affirmed.

### STATEMENT BY THE COURT.

Appellant instituted this suit against the appellee in the Clay Circuit Court, and on the 3d day of April, 1913, filed his amended complaint, in which he says: "That he is the owner in fee of the following described lands lying in the Western District of Clay County, Arkansas, towit: The alley running east and west through block 5000 of the Matthews Addition to the town of Corning, Arkansas; one-half of the street east of the said block 5000, and all of the street north of said block, and claims title to

said lands by purchase of the southwest quarter of the southwest quarter of section 31, township 21 north, range 5 east.

"That after said purchase, this plaintiff platted the south half of the said southwest quarter of the southwest quarter as an addition to the town of Corning, in the Western District of Clay County, Arkansas, and dedicated the streets and alleys to said town as long as they are used as such, and that one of the blocks in the said addition to the said town is the said block 5000.

"That the defendant bought said block 5000 from parties to whom this plaintiff has sold, and therefore claims title from the same source that this plaintiff claims.

"That said defendant unlawfully took possession of said alley and streets aforesaid, and enclosed the same, and now is in the unlawful possession of the said land, and has been for two years last past, during all of which time this plaintiff has had title to said land, and still has the right of possession thereof.

"The plaintiff further states, that, notwithstanding that he platted said lands as an addition to the said town of Corning, that the said alley and said streets had never been accepted or used as such by said town of Corning, nor by the public; that said alley and streets are totally abandoned by the public as alleys and streets.

"That by reason of the unlawful and wrongful possession of said alley and streets, this plaintiff has sustained damages in the sum of $100.

"Wherefore, he prays judgment against the defendant for the recovery of said land, and the possession thereof, and for all damages for the unlawful detention of the same."

The appellee demurred to the amended complaint, setting up that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the appellant asked leave to amend the complaint, stating in his motion that "if he should be granted leave to amend his complaint, that he can make it state

facts that will constitute a cause of action against the defendant.''

The court overruled the motion for leave to amend and dismissed appellant's complaint, to which rulings óf the court in sustaining the demurrer, and in refusing permission to amend, appellant duly excepted and prayed an appeal to this court, which was granted.

*F. G. Taylor,* for appellant.

1.   Appellant had the right to impose conditions on his dedication of the streets and alleys, and by the condition imposed the title to said streets and alleys reverted to the dedicator when they were not accepted nor used by the town or public.   13 Cyc. 497, and cases cited; 9 Am. & Eng. Enc. of L. 75, and note 2; 29 N. W. 941, and note; 91 Ark. 350; 45 Ill. App. 665; 67 Md. 60, 8 Atl. 754.

Appellee's remedy was by motion to make more specific, not by demurrer.   67 Ark. 15; ·73 Ark. 8; *Id.* 64.

2.   Appellant should have been permitted to amend. The platting of lands in blocks, streets and alleys is but an offer to dedicate, and where the public authorities do not accept such offer, and the dedicator has sold no lots with reference to the plat, nor done any act by which the interests of third parties may be affected, he may withdraw his offer and take possession of the platted lands. 37 Mich. 279; 57 Miss. 383; 61 Mo. App. 422; 40 N. Y. 442; 26 O. St. 94; 92 Wis. 477.   See. also, on the right to amend, Kirby's Dig., § 6095; 99 Ark. 496.

*C. T. Bloodworth, pro se*

Appellant's offer to amend by making the town of Corning a party plaintiff was, in effect, no offer to amend at all, and the court exercised only a proper discretionary power in refusing to permit it.   23 Ark. 736; 32 Ark. 244; 75 Ark. 465; 85 Ark. 39; 104 Ark. 276.

The allegations of the complaint are sufficient to show a vested title in appellee to the streets and alleys abutting the block in question subject only to the public use.   If they were abandoned by the public as alleged, the

title thereto vested in the owners of the abutting property. 77 Ark. 221; *Id.* 571; 91 Ark. 350.

Appellee having purchased with reference to the plat, a condition subsequent retained in the mind of the dedicator will not be permitted to defeat the purchaser's title. 98 Ark. 328.

The right of the town to open streets and alleys is not lost by nonuse or delay in opening same. 58 Ark. 142.

WOOD, J., (after stating the facts). 1. The allegations of the complaint show that the appellant, after purchasing the lands described in the complaint, platted that portion of the lands in controversy as an addition to the town of Corning. One of the blocks in the addition was designated as block No. 5000, and the streets and alleys were dedicated to the town as long as they were used as such; that appellee purchased the block numbered 5000 after same had been platted and the streets and alleys had been dedicated to the use of the town.

The allegations of the complaint were sufficient to show that appellant platted the land as blocks of an addition to the town of Corning, with streets on each side of the blocks, and an alley running through the same.

In *Frauenthal* v. *Slaten*, 91 Ark. 350, we held: "An owner of land who files a plat thereof showing blocks, lots and squares and sells lots with reference to such plat is held to have dedicated such streets, alleys and squares irrevocably." See, also, *Davies* v. *Epstein*, 77 Ark. 221.

The allegation that "the defendant bought said block 5000 from parties to whom this plaintiff had sold" was sufficient to show that the appellee and his grantors had purchased the block with reference to the plat. The allegations show that appellee was the owner of the fee in at least one-half of the streets surrounding the block, and of the alley which traversed the same, subject only to the rights of the public to use the same as a highway. See *Dickinson* v. *Arkansas City Improvement Co.*, 77 Ark. 570. And, if these were abandoned, as alleged, appellee became the absolute owner thereof.

There was no allegation in the complaint that appel-

lant reserved the right on his plat or by any declaration made by him to take possession of the streets and alleys in the event the public abandoned the use thereof. Although the complaint alleged that the platted streets and alleys had never been accepted by the town of Corning, this could not affect the title of one who had purchased with reference to such streets and alleys.

The allegations were not sufficient to show that appellant only made a qualified dedication to the town, and that title reverted to him in the event that the town abandoned the use of the streets and alleys. Under the allegations of the complaint the appellant had no right that he could assert as an individual to the alley and streets as against the appellee. The abandonment of the alley and streets by the public would not give the appellant the right to recover from the appellee the whole of the streets and alley for which he sues. The complaint alleged that the appellee was in the unlawful and wrongful possession of the alley and streets. This would not give the appellant the right to recover from the appellee such alley and streets. The enclosure of the alley and streets by the appellee might give the town of Corning the right to enjoin him from maintaining such enclosure or to prosecute him for a public nuisance; or, if appellant suffered an injury which was peculiar to him, he might maintain an injunction to prevent the nuisance. See *Texarkana* v. *Leach,* 66 Ark. 40; *Wellbourn* v. *Davies,* 40 Ark. 83; *Packet Co.* v. *Sorrels,* 50 Ark. 466; *Ruffner* v. *Phelps,* 65 Ark. 410. But the complaint does not state facts sufficient to give appellant that character of relief.

2. The court did not err in refusing the appellant permission to amend his complaint. The judgment recites that he asked ''leave to amend his complaint so that he might state a perfect cause of action by making the incorporated town of Corning a party plaintiff.'' This was beyond the power of appellant to do, and would not constitute a proper amendment to his complaint.

The judgment of the circuit court is therefore correct, and it is affirmed.