Balmat *v.* City of Argenta.

Opinion delivered March 27, 1916.

1. Dedication—alleys—intent.—Where an addition is platted, and the plat filed showing streets and alleys, the alleys will not be held to have been dedicated to the public, where there was an express declaration by the donor that the alleys are for the use of the owners or residents, but may be closed by the joint action of the owners.

2. Dedication—streets and alleys—proof.—A dedication of streets and alleys across a tract of land is not established merely by proof of making and recording the plat, where the lands remained enclosed by the original owner.

3. Streets and alleys—right of city.—Where a certain alley was never dedicated to the public, either expressly or by implication, and the public has acquired no prescriptive right over the same, where the same has been enclosed by the adjacent owner, the city has no right to open the alley and to forcibly break and enter the plaintiff's enclosure, and an injunction will lie to restrain the officers from so doing.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Bratton & Bratton,* for appellant.

1. There was never a dedication of the alley to the public; but there was a reservation that the alleys might be closed. Dillon on Mun. Corp., § § 631-6; 9 How. 10; 77 Ark. 570; 91 *Id.* 350; 84 *Id.* 520; 111 Ark. 548; 112 *Id.* 202. There was nothing more than a mere license to pass. 59 Ark. 35. The alley had been fenced for twenty-five years. The dedication must be to the public. 69 Md. 346. Use by permission is not sufficient. 110 Ind. 509; 67 Ill. 368; 2 Met. (Ky.) 98; 35 Barb. 395; 103 Ind. 349.

2. The intent to dedicate was wanting. 60 Ill. 324. Mere permission will not create a public easement. 67 Ill. 368. No length of time of use will make a public highway, unless adverse. 36 Ia. 485. There never was a dedication, and the city was entirely without authority.

*Fred McDonald,* for appellee.

1. There was a dedication to the public and an acceptance. 85 Ark. 525; 58 *Id.* 142; 77 *Id.* 177, 221; 68 *Id.*

40, 68; *Ib.* 40, 69; 85 *Id.* 524. The dedication is irrevocable. 85 Ark. 524; 77 *Id.* 221.

2. A reservation of closing alleys after dedication is void. 13 Cyc. 461; 48 Mass. 309; 2 L. R. A. 87; 57 Mo. 297.

3. There was no limitation; there was a dedication to public use, and the city and the public were the beneficiaries. 68 Ark. 39, 54.

4. A deed of streets to the "present and future owners" is a dedication to the public (50 Cal. 175), and so is a deed to the inhabitants. 71 Me. 144; 57 Mo. 297; 49 Atl. 822. The clause that the alleys, etc., shall be open highways is sufficient. 50 Ark. 466; 84 Wis. 205. "Highways" includes alleys. 12 Okla. 82. All the acts, conduct and writings clearly show an intention to dedicate.

MCCULLOCH, C. J. This is an action instituted by appellant in the chancery court of Pulaski County to restrain the officers of the city of Argenta from breaking appellant's inclosure and tearing down his fences for the purpose of opening an alley. The officers of the city attempt to justify their invasion of the premises under a claim of dedication to the public by appellant's grantor. James H. Barton (who was appellant's immediate grantor) and James L. Davis, formerly owned the property, and, in the year 1887, platted it into city lots with intersecting streets and alleys indicated on the plat. The plat was duly acknowledged and filed for record, and attached thereto were field notes and the following statement, signed by the dedicators:

"Know all men by these presents:

"That whereas, we, James H. Barton and James L. Davis, are the owners of the land described in the foregoing notes; and, whereas, we have caused the said land to be laid off into lots and blocks, streets and alleys as shown on the plat preceding said notes. Now, therefore, we hereby declare that the said land so laid off shall hereafter be known as Davis' addition to the town of Argenta, and the streets shall remain open highways forever and the alleys shall remain open highways for the use of the

owners of or residents upon the blocks through which they run, but the alley in any block may be closed at any time, by all owners of lots in any such block duly executing, acknowledging and placing on record in the recorder's office of Pulaski County, a valid instrument of writing setting forth such closure."

Appellant subsequently purchased two lots from Barton and the same were enclosed by a fence which included the portion indicated on the map as an alley running through the block, and that fence has been maintained by plaintiff to the present time, or at least until it was broken and the premises entered by the officers of the city.

The question in the case is whether or not there has ever been a dedication of the land in controversy to public use. The language of the writing is peculiar. It contains an express dedication of the streets indicated on the plat, but as to the alleys it provides that they "shall remain open highways for the use of the owners of or residents upon the blocks through which they run, but the alley in any block may be closed at any time, by all owners of lots in any such block duly executing, acknowledging and placing on record in the recorder's office of Pulaski County, a valid instrument of writing setting forth such closure." At the time of the alleged dedication, we had in this State no statutory method of voluntary dedication of lands to public use as streets, alleys and other public places, but the General Assembly of 1901 enacted a statute requiring persons and corporations to file plats of land situated in any city or town with the recorder of deeds. Kirby's Digest, § § 5523-4.

There are two classes of common law dedications, "express dedications and implied dedications," says Mr. Elliott in his work on Roads and Streets, volume I, section 133. "In both express and implied common law dedications," continues the author, "it is necessary that there should be an appropriation of land by the owner to public use, in the one case by some express manifestation of his purpose to devote the land to the public use, in the

other by some act or course of conduct from which the law will imply such an intent." The same author in another section of his work, (section 138), says: "It is essential that the donor should intend to set the land apart for the benefit of the public, for it is held, without contrariety of opinion, that there can be no dedication unless there is present the intent to appropriate the land to the public use. If the intent to dedicate is absent, then there is no valid dedication. The intent which the law means, however, is not a secret one, but is that which is expressed in the visible conduct and open acts of the owner. The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent."

There have been many decisions of this court on the subject, and the rule expressed by Mr. Elliott is the one that we have steadily adhered to. Among other things we have decided that "An owner of land, by laying out a town upon it, platting it into blocks and lots intersected by streets and alleys, and selling lots by reference to the plat, dedicates the streets and alleys to the public use, and such dedication is irrevocable" (*Davies* v. *Epstein,* 77 Ark. 221); but that "merely laying out grounds, or merely platting and surveying them without actually throwing them open to use or actually selling lots with reference to the plat, will not as a general rule show a dedication." *Holly Grove* v. *Smith,* 63 Ark. 5.

(1) Now, it can not be said that there was any express dedication in this instance, for there is nowhere found in the instrument executed by Barton and Davis a dedication of alleys to the public; so if there has been one at all, it must arise by implication, either from what was declared in that instrument or by the conduct of the parties. It will be seen that while there was an express dedication of the street for public use, the use of the alleys indicated on the plat was reserved to the owners of or residents upon the block through which the alleys run, and there was an express reservation to such owners of

the right to close the alleys at any time. In the face of the express declaration that the alleys are to remain open for the use of the owners or residents, and may at any time be closed by the joint action of such owners, it can not be said that there was an implied intention to irrevocably dedicate the alleys to public use.

(2) Notwithstanding that reservation, the public might acquire the right of use by prescription, but such is not the case in the present instance, for it appears that the alley now sought to be opened has never been opened, but on the contrary has been occupied by appellant and included within his inclosure. The case falls, we think, within the principle announced by this court in the case of *Holly Grove* v. *Smith, supra,* where it was held that a dedication of streets and alleys across a tract of land is not established merely by proof of making and recording the plat, where the lands remained inclosed by the original owner.

(3) The question whether the appellant is wrongfully withholding the strip of ground from the other owners of land in the block, for use as an alley, is not involved in this controversy inasmuch as none of those owners are complaining. When they do complain, the question will arise whether or not they are barred by the statute of limitation, there being only private rights involved. At any rate, the public has no concern in the rights of private owners, as there has never been any prescriptive right acquired by the public, and as we have already seen there has been no dedication. We conclude, therefore, that the city had no right to open the alley and to forcibly break and enter appellant's inclosure, and that he was entitled to an injunction restraining the officers from so doing.

The decree is there reversed and the cause remanded with directions to enter a decree in favor of the appellant.