Butler *v.* Emerson.

4-8209                                    202 S. W. 2d 599

Opinion delivered May 19, 1947.

Rehearing denied June 23, 1947.

*John R. Thompson,* for appellant.

*T. J. Gentry,* for appellee.

Ed. F. McFaddin, Justice. The question for decision is, whether there was such a dedication of a street as to irrevocably bind the grantor against a subsequent claim of individual ownership.

In the early part of 1946, the appellee, Mrs. Alice G. Emerson, being the owner of certain acreage, platted the same into lots and blocks, and sold some of the lots to various parties, among whom were the appellants. When Mrs. Emerson made the sale to the appellants, she gave them a plat which showed the streets, alleys, lots and blocks, as follows:

The warranty deed from Mrs. Emerson to appellants (J. L. and Hassie E. Butler), dated April 30, 1946, recited a cash consideration of $2,000, and described the property as follows:

"A tract of land being 265 feet north and south on Johnson Street, and 140 feet east and west, between West 26th and West 27th streets, described as follows: Beginning at a point on the southwest corner of West 26th Street and Johnson Street, . . . thence south along

the west side of Johnson Street, 265 feet to the northwest corner of West 27th and Johnson streets; thence west along the north side of West 27th Street, 140 feet to a point on the east side of the alley, thence north along the east side of the alley 265 feet to the south side of West 26th Street; thence east 140 feet along the south side of West 26th Street to the point of beginning, in Pulaski county, Arkansas.''

It will be observed, by reference to the plat, that the property conveyed to appellants consisted of 5 lots bounded on the north by West 26th Street, on the east by Johnson Street, on the south by West 27th Street, and on the west by an alley. We will refer to this conveyed property as ''the Butler lots.'' At the time of the said conveyance, Johnson Street was open and in use. The alley west of the Butler lots was subsequently opened and placed in use; but so much of West 27th Street as lay south of the Butler lots was not then, and has never subsequently been, graded or used by the public.

On May 10, 1946, the City Planning Commission of Little Rock advised Mrs. Emerson that the City of Little Rock did not then desire to have West 27th Street opened from Johnson Street west to Allis Street, and also did not then desire to have opened the alley immediately west of the Butler lots. The Planning Commission also designated a ''turn-around'' on West 27th Street at the end of Allis Street, and designated as a ''playground'' all that part of West 27th Street immediately south of the Butler lots. Acting on these decisions from the Little Rock City Planning Commission, Mrs. Emerson claimed the alley and ''playground'' as her own; and she was negotiating a sale thereof to a third person, when, on June 17, 1946, appellants filed the complaint herein, in which they sought (1) to enjoin Mrs. Emerson from selling any of the property shown on the plat as West 27th Street, and also (2) to enjoin her from closing and claiming the alley west of the Butler lots. The prayer of the complaint was:

''That the court enter an order declaring the street and alley above described as public property and enjoin-

ing the defendant from transferring the title thereto or attempting in any wise to claim private ownership to said street and alley or in any wise closing or molesting same; . . ."

The defendant, by answer, said:

" . . . that she previously had had this and other property surveyed into lots, and purposed to dedicate a certain part of said property to the public for streets and alleys. At the time of the sale of the property to the plaintiffs, the defendant stated to the plaintiffs that she intended to dedicate the fifty (50) feet immediately south of the property purchased by the plaintiffs from the defendant, to the public for use as a street, but that such property has never been used as a street, way or otherwise by the public.

"The defendant attempted to make this dedication according to the statutes of the State of Arkansas, but the City Planning Commission of the City of Little Rock refused to accept the dedication as shown upon the plat filed with the City Planning Commission."

At the trial it was agreed that Mrs. Emerson had given the appellants a plat similar to the one shown here, and had, in fact, intended to file a formal deed of dedication covering West 27th Street and the alley, but had never opened the said street. Mrs. Emerson claimed that she had the right to revoke her attempted and intended dedication of the street, since West 27th Street had not in fact been opened, and the city did not want to accept so much of said street and alley as lay adjacent to plaintiff's property. The chancery court enjoined Mrs. Emerson from blocking or closing or claiming the alley, but denied the plaintiffs any relief as to the property described as West 27th Street, saying:

"It is further adjudged and decreed that there is no street immediately south of the property purchased by the plaintiffs from the defendant and that the title to the land south of such property is vested in the defendant in fee and the plaintiffs have no interest therein."

From that decree the plaintiffs (Butlers) have appealed. The defendant, Mrs. Emerson, has not appealed from the decree regarding the alley, so we consider only the appellants' prayed relief as to West 27th Street. There are two questions: (1) was there a dedication; and, if so, (2) was such dedication irrevocable? There are many cases of this court that deal with various phases of dedication. Some of these cases are: *Moore* v. *Little Rock,* 42 Ark. 66; *Holly Grove* v. *Smith,* 63 Ark. 5, 37 S. W. 956; *Hope* v. *Shiver,* 77 Ark. 177, 90 S. W. 1003; *Davies* v. *Epstein,* 77 Ark. 221, 92 S. W. 19; *Dickinson* v. *Ark. City Imp. Co.,* 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170; *Brewer* v. *Pine Bluff,* 80 Ark. 489, 97 S. W. 1034; *Stuttgart* v. *John,* 85 Ark. 520, 109 S. W. 541; *Paragould* v. *Lawson,* 88 Ark. 478, 115 S. W. 379; *Frauenthal* v. *Slaten,* 91 Ark. 351, 121 S. W. 395; *Matthews* v. *Bloodworth,* 111 Ark. 545, 165 S. W. 263; *Balmat* v. *Argenta,* 123 Ark. 175, 184 S. W. 445; *Mebane* v. *City of Wynne,* 127 Ark. 364, 192 S. W. 221; *Porter* v. *Stuttgart,* 135 Ark. 48, 204 S. W. 607; *Holthoff* v. *Joyce,* 174 Ark. 248, 294 S. W. 1006; *McGee* v. *Swearengen,* 194 Ark. 735, 109 S. W. 2d 444; *Jennings* v. *Russell,* 209 Ark. 71, 189 S. W. 2d 656; *Gowers* v. *Van Buren,* 210 Ark. 776, 197 S. W. 2d 741. We list these as "background cases" to the particular questions here under consideration; and now, in proceeding with the questions, we will refer to the parties as they were styled in the trial court—*i. e.,* plaintiffs and defendant.

I. *Was There a Dedication?* The defendant did not record the plat, but she furnished a copy to the plaintiffs when she delivered to them their deed and received their money; and furnishing a copy of the plat, under the facts herein, was just as effective, between the parties, as recordation would have been. The deed made reference to West 27th Street as being south of the property conveyed to the plaintiffs. These acts by the defendant constituted a dedication. In *Moore* v. *Little Rock, supra,* Mr. Justice W. W. SMITH said: "No doubt, causing the land to be laid off as an addition and subdividing it into lots and blocks, was a dedication of the intervening streets

and alleys, so far as McDonald or any title derived from him, is concerned."

In *Hope* v. *Shiver, supra*, Mr. Justice RIDDICK said: " . . . for it is well established that when the owner of land makes a plat thereof, or adopts one made by someone else, and sells lots by reference to the maps, this amounts to a dedication of the streets and public ways shown on the map. 9 Am. & Eng. Enc. Law, 57, 59, and cases cited."

In *Mebane* v. *City of Wynne, supra*, Chief Justice McCULLOCH said: "This court has steadily adhered to the rule that 'an owner of land by laying out a town upon it, platting it into lots and blocks intersected by streets and alleys, and selling lots by reference to the plat, is held to have dedicated to the public use the streets and alleys and other public places marked on the plat and such dedication is irrevocable.' *City of Hope* v. *Shiver*, 77 Ark. 177, 90 S. W. 2d 1003; *Davies* v. *Epstein*, 77 Ark. 221, 92 S. W. 19; *Dickinson* v. *Arkansas City Improvement Co.*, 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170; *Brewer* v. *Pine Bluff*, 80 Ark. 489, 97 S. W. 1034; *Stuttgart* v. *John*, 85 Ark. 520, 109 S. W. 541; *Paragould* v. *Lawson*, 88 Ark. 478, 115 S. W. 379; *Balmat* v. *City of Argenta*, 123 Ark. 175, 184 S. W. 445."

Defendant says that reference to a street as boundary of property does not constitute a dedication of the street, and cites—to support that contention—these cases: *Fordyce* v. *Hampton*, 179 Ark. 705, 17 S. W. 2d 869; *McGee* v. *Swearengen*, 194 Ark. 735, 109 S. W. 2d 444; *Plumer* v. *Johnston*, 63 Mich. 165, 29 N. W. 687; *Talbert* v. *Mason*, 136 Ia. 373, 113 N. W. 918, 14 L. R. A., N. S. 878, 125 Am. St. Rep. 259; *Lankin* v. *Terwilliger*, 22 Ore. 97, 29 Pac. 268; *King* v. *Trustees*, 102 N. Y. 172, 6 N. E. 395; and 11 C. J. S. 584. But in the case at bar, not only did the deed from the defendant to the plaintiffs refer to West 27th Street, but the defendant also gave to the plaintiffs the plat that showed West 27th Street, and on the strength of the plat the plaintiffs purchased the lots. These facts clearly constituted a dedication by

estoppel; and we hold that the defendant, Mrs. Emerson, is estopped to deny that there was a dedication of West 27th Street.

II. *Was the Dedication Irrevocable?* In *Brewer* v. *Pine Bluff, supra,* Mr. Justice RIDDICK said: "The making and recording of the plat by Morris showing his land divided into streets and alleys and the subsequent sale of a number of these lots was a dedication of the streets shown on the plat which he could not revoke. The sale and conveyance of a part of the street to Carroll did not revoke the dedication of this land as a public street because, as we have said, the dedication had then become irrevocable by a previous sale and conveyance of lots to other parties. 13 Cyc. 455, 463; 9 Am. & Eng. Ency. of Law (2 Ed.), 57."

In *Stuttgart* v. *John, supra,* Mr. Justice McCULLOCH said: "It is well settled by the decisions of this court that where owners of land lay out a town or an addition to a city or town . . . , platting it into blocks and lots, intersected by streets and alleys, and sell lots by reference to the plat, they thereby dedicate the streets and alleys to the public use, and that such dedication is irrevocable. *Brewer* v. *Pine Bluff,* 80 Ark. 489, 97 S. W. 1034; *Davies* v. *Epstein,* 77 Ark. 221, 92 S. W. 19; *Hope* v. *Shiver,* 77 Ark. 177, 90 S. W. 1003; *Dickinson* v. *Arkansas Improvement Assn.,* 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170."

In *Frauenthal* v. *Slaten, supra,* Chief Justice McCULLOCH said: "The law bearing on the question of dedication of property to the public use is well settled by the decisions of this court. An owner of land, by laying out a town upon it, platting it into blocks and lots, intersected by streets and alleys, and selling lots by reference to the plat, dedicates the streets and alleys to the public use, and such dedication is irrevocable. He will also be held to have thereby dedicated to the public use squares, parks and other public places marked as such on the plat. The dedication becomes irrevocable the moment that these acts concur. *Hope* v. *Shiver,* 77 Ark. 177, 90 S. W. 1003;

*Davies* v. *Epstein, Id.* 221, 92 S. W. 19; *Dickinson* v. *Ark. City Imp. Co., Id.* 570, 92 S. W. 21, 113 Am. St. Rep. 170; *Brewer* v. *Pine Bluff,* 80 Ark. 489, 97 S. W. 1034; *Stuttgart* v. *John,* 85 Ark. 520, 109 S. W. 541.''

Applying the rule of these cases to the case at bar, it is clear that the dedication of West 27th Street was irrevocable. See, also, note in Ann. Cas. 1917A, 1190 on ''Revocability of land to public use.''

Mrs. Emerson called certain witnesses who testified that, after the City Planning Commission declined to open West 27th Street, these witnesses discussed the matter with plaintiff, Mr. Butler, and he remarked that he did not care whether the street was opened. On this testimony Mrs. Emerson sought to predicate her claim to her own private ownership of the street. But, even giving the remarks of Mr. Butler their most cogent force and effect, they only establish that it was immaterial to him whether the property south of his lots be opened as a street, or be held for public use; and the latter is the relief that he is seeking in this case. If the dedication failed, then Mrs. Emerson would not own all of West 27th Street. *Matthews* v. *Bloodworth, supra,* is in point in this regard. See, also, annotation in 18 A. L. R. 1008 on ''Reversion of title upon abandonment or vacation of public street or highway.'' The plaintiffs are not seeking to claim and occupy the half of West 27th Street that is immediately adjacent to their property. They are merely seeking to prevent the public from losing all of West 27th Street. We hold that they are entitled to an injunction preventing the defendant from claiming to own individually West 27th Street as shown on the plat. The defendant testified that she ''left the fifty feet there as public property in case it was not opened as a street.'' We hold that such is the correct disposition of West 27th Street here in dispute. The city may not want to grade and open it now, but it remains public property to be opened as a street when desired by the city.

Therefore, the decree of the chancery court is reversed, and the cause is remanded with directions to enter a decree consistent with this opinion.