### PARAGOULD *v.* LAWSON.

#### Opinion delivered December 21, 1908.

1. MUNICIPAL CORPORATIONS—DEDICATION OF STREETS.—Where the owner of land in a city laid off an addition, and filed a plat thereof, showing streets and alleys, and thereafter sold lots by reference to the plat, he will be held to have dedicated the streets and alleys to the public use irrevocably. (Page 480.)

2. LIMITATION OF ACTIONS—OPENING STREETS.—Under Kirby's Digest, § 5593, providing that cities of the second class may "alter or change the widths of streets, sidewalks, alleys,", etc., the statute of limitations cannot be pleaded against a city of the second class proceeding to remove obstructions or encroachments upon streets which have been dedicated to or acquired by the city for public use. (Page 480.)

3. SAME—REPEAL.—The Legislature may repeal the statute of limitations or suspend its operation before a cause of action is barred under it. (Page 481.)

4. LACHES—WHEN DOCTRINE NOT APPLIED.—The equitable doctrine of laches is applied only when the party guilty of laches is asking the court of equity for relief. (Page 481.)

5. MUNICIPAL CORPORATIONS—ESTOPPEL.—A city of the second class is not estopped from proceeding to open a street by reason of the inaction of its officers for a long period of time. (Page 481.)

6. ADVERSE POSSESSION—STREET.—The owners of lots abutting on a platted street of a city of the second class have notice of the dedication, and can build up no right by continued occupancy thereof on

account of delay of the city in opening the streets to public use. (Page 481.)

7. MUNICIPAL CORPORATIONS—SUFFICIENCY OF DEDICATION OF STREET.—A dedication of a street by filing a plat is not void because the plat fails to identify the land dedicated if such land is sufficiently identified by parol evidence. (Page 481.)

Appeal from Greene Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*Johnson & Burr,* for appellant.

1. The execution, acknowledgment and filing of the McDonald plat, and the subsequent sale by him of lots with reference thereto, constitute an irrevocable dedication to public use of all streets and alleys therein described. 109 S. W. (Ark.), 541; 80 Ark. 489; 77 Ark. 221; *Id.* 177; *Id.* 570. Formal acceptance of the dedication was not necessary on the part of the city. The court erred in holding the plat defective and void because no starting-point is shown thereon. If any doubt ever existed as to the proper location of Cumberland Street on the plat, that doubt was removed when the boundary lines of the existing and traveled Cumberland Street of the city were extended northward as required by the plat. Difficulties in locating tracts from the description in a deed are removed by putting the purchaser in possession. 76 Ark. 146. The same rule applies here. If the plat is defective, appellees are estopped to deny the dedication. 109 S. W. (Ark.) 541; 98 S. W. (Ky.) 317; 110 Mo. 618.

2. The city is not barred by the seven years' statute of limitations, Paragould having been raised to the grade of a city of the second class, January 10, 1894, and less than two year's time having elapsed from the time of the dedication to the time where Kirby's Digest, § 5593, was enacted.

*J. D. Block* and *M. P. Huddleston,* for appellees.

McCULLOCH, J. Appellees instituted this suit to enjoin the city of Paragould and its officers from opening up Cumberland Street through an addition to the city that is known as McDonald's Third Addition. They own property, which they purchased from W. J. McDonald by description of lots and blocks according to the plat of said addition, abutting on the east side of Cumberland Street as described on the plat, and they claim

title by adverse possession for more than seven years to that part of the platted street embraced within their respective inclosures.

The city asserted the right to open the street by virtue of an alleged dedication made by McDonald, and notified the owners of the abutting property to withdraw their fences so as to open the street to the full width.

The chancellor granted the relief sought by appellees, and the city appealed.

There is no substantial dispute about the facts, which are as follows: Paragould became a city of the second class on January 10, 1894. During the year 1895 W. J. McDonald, who owned the surrounding property, including that now owned by appellees, platted it into an addition, and filed it with the recorder of the county with an instrument of writing attached, dedicating to the city for public use all of the streets and alleys laid out and shown on the plat. From time to time thereafter McDonald sold and conveyed lots in this addition, including the lots now owned by appellees, describing them by reference to the plat.

Cumberland Street is named on the plat, and the figures indicate it to be sixty feet wide, corresponding in width with that street beyond the addition. It is one of the principal streets of the city, and is more than a mile in length, being opened to its full width up to this addition. It has been opened through this addition from the west line of the platted street to a width varying from twenty-five to thirty-five feet, leaving an irregular width of twenty-five to thirty-five feet embraced within the inclosure abutting on the east side of the street. The city is now attempting to require the owners of property on the east side of the street to withdraw the encroachments so as to widen the street to its full width as shown on the plat. The city has never before exercised any control over the street nor worked it. The dedication made by McDonald was complete and irrevocable. *Hope* v. *Shiver*, 77 Ark. 177; *Davies* v. *Epstein*, 77 Ark. 221; *Dickinson* v. *Arkansas Improvement Association*, 77 Ark. 570; *Brewer* v. *Pine Bluff*, 80 Ark. 489; *Stuttgart* v. *John*, 85 Ark. 520.

Appellee's claim of title to the strip of land in controversy can not be sustained. According to the terms of a statute enacted June 5, 1897 (Kirby's Digest, § 5593), the statute of limitations can not be pleaded against a city of the second class proceeding

to remove obstructions or encroachments upon streets which have been dedicated to or acquired by the city for public use. *Kansas City Sou. Ry. Co.* v. *Boles, post* p. 533.

Even if adverse possession began before the passage of the statute referred to above exempting cities of the second class from the operation of the statute of limitation on this subject, the possession had not continued for sufficient length of time for the statute bar to attach, and it was within the power of the Legislature to repeal the statute of limitations as to cities or to exempt cities from the operation thereof. There is no such thing as a vested right in a statute of limitation, and the Legislature can repeal the statute or suspend its operation before a cause of action is barred under it. *Dyer* v. *Gill,* 32 Ark. 410; *Pearsall* v. *Kenan,* 79 N. C. 472; *Hill* v. *Boyland,* 40 Miss. 620; *Smith* v. *Tucker,* 17 N. J. L. 82; 8 Cyc. 921; 25 *Id.* 988.

The equitable doctrine of laches can not be successfully invoked to defeat the right of the city to open the street which was dedicated to that use. The city is not asking any equitable relief, and appellees are therefore not in position to take advantage of a doctrine which is sometimes afforded by courts of equity purely as a matter of defense where the party guilty of laches is asking the court for relief. In such case the court simply remains passive and refuses to grant the relief. *Chatfield* v. *Iowa & Ark. Land Co., ante* p. 395.

Nor is the city estopped, on account of the inaction of its officers for a long period of time, to proceed to open the street. The city had no power to vacate the street (*Texarkana* v. *Leach,* 66 Ark. 40), and could not do indirectly through mere inaction on the part of its officers that which it was without power to do directly. *Beebe* v. *Little Rock,* 68 Ark. 39. The owners of lots abutting on the platted street had notice of the dedication, and are presumed to have had knowledge of the city's legal right to proceed in its own time to open the street. *Brewer* v. *Pine Bluff, supra.* They could, therefore, build up no right to continued occupancy of the dedicated strip on account of delay in opening the street to public use.

The principal contention of appellees in support of the decree in their favor is that the dedication was void for the reason that the plat of the addition did not sufficiently locate and identify

the land, but we think this contention is not well founded. The surveyor's certificate or note indorsed on the plat shows that the land platted lies within a certain quarter section, and the center of the quarter section is approximately indicated on the plat. Cumberland Street was one of the established streets running through the city, and the designation of the street on the plat by that name and of the same width is sufficient to identify it as a continuation of that street. We are only concerned in this case about the identification of the street; but when it thus identified as a continuation of the street of that name in the city, the uncertainty as to the location of other property on the plat disappears.

It is not essential that the description be so precise that the location and identity of the land embraced are apparent from the description alone, but extraneous circumstances may be considered to show the application of the description. *Dorr* v. *School District,* 40 Ark. 237; *Tippins* v. *Phillips,* 123 Ga. 415. According to this rule, it was competent, by parol testimony of extraneous circumstances, to fit the plat to the adjoining parts of the city, so that Cumberland Street would be what it was obviously intended, a continuation of the street of that name and width in the old part of the city.

Reversed and remanded with directions to enter a decree dismissing the complaint for want of equity.