MEBANE *v*. CITY OF WYNNE.

Opinion delivered February 12, 1917.

1. MUNICIPAL CORPORATIONS—ACCEPTANCE OF DEDICATED STREET—RIGHT OF CITY—ENCROACHMENT.—Where land has been platted into streets and blocks, and there has been an acceptance of the dedication, and the public has used a portion of the streets, the city, as the representative of the public, may require encroaching property owners to withdraw the encroachments at any time that the public authorities elect to open the streets to their full width.

2. MUNICIPAL CORPORATIONS—DEDICATION OF STREETS—OBSTRUCTIONS—LIMITATIONS.—Where there has been an acceptance of the dedication to public use of a street by a city of the second class, the statute of limitations does not run against the right of the city to open the street.

3. LIMITATION—STREETS—CITY OF SECOND CLASS.—The raising of the grade of a municipal corporation to that of city of the second class, stops the running of the statute of limitations against the city in favor of a person who has encroached upon streets dedicated to, and accepted by the public.

4. DEDICATION—STREETS, ALLEYS AND OTHER PUBLIC PLACES.—An owner of land by laying out a town upon it, platting it into lots and blocks intersected by streets and alleys, and selling lots by reference to the plat, is held to have dedicated to the public use the streets and alleys and other public places marked on the plat, and such dedication is irrevocable.

5. DEDICATION—ACCEPTANCE BY THE PUBLIC.—Where property is dedicated to public use, an acceptance by the public may be expressly given by representatives of the public or by the use of the property by the public, and only in those ways.

6. DEDICATION ACCEPTANCE.—An acceptance by the public or the proper local authorities is necessary to make a dedication complete. A purchase of property from the dedicator with reference to the plat on which public places are designated, constitutes an acceptance which is irrevocable.

7. DEDICATION—FAILURE TO ACCEPT.—Where there has been no acceptance by the public of property dedicated to public use, the dedication may become extinct either by an express withdrawal on the part of the original dedicator, or by his death before acceptance, or by lapse of time.

8. DEDICATION—PUBLIC RIGHTS—LIMITATIONS.—The statutory exemption of cities from the operation of the general statute of limitations with respect to public property, has no application where public rights have not accrued, and there is no right in existence to be exempted, so where property is dedicated to, but not accepted by, the public, the statutory exemption has no application.

9. LIMITATIONS—DEDICATION—RIGHTS OF CITY.—The exemption from the operation of the statute of limitations in favor of a city, does not extend to the rights of private owners who claim to have been injured by virtue of an encroachment upon public property.

Appeal from Cross Circuit Court, First Division; *W. J. Driver*, Judge; reversed.

*Hawthorne & Hawthorne*, for appellant.

1. Neither the town nor city of Wynne made any claim from the filing of the plat until this suit, more than twenty-one years. Nor did either occupy it or use it. The fact of dedication depends upon the intention of the owner to dedicate the land to the public. There is no evidence that the owner knew the plat was

filed, or that it was filed by his authority. No intention to dedicate was shown nor that he sold any lots around "Franklin Square." All the facts show there was no dedication to the public. 91 Ark. 350; 123 *Id.* 175; 77 *Id.* 177, 221, 570; 80 *Id.* 489.

2. It was never accepted by the town or city. Kirby's Digest, § 5531; 88 Ark. 478.

3. The city is barred. The town was barred before the Act making Wynne a city of the second class. 41 Ark. 45; 59 *Id.* 151; 50 *Id.* 416.

4. There is no title in the city by dedication, public use or prescription, or otherwise. A verdict should have been directed for defendants. Kirby's Digest, § 5331; Acts 1875, 13. Taxes were paid continuously for more than seven years prior to the Acts of 1905, and three years before the Act of 1899. There never was any acceptance by the city or public. The court erred in its declarations of law. Cases *supra.*

*Killough & Lines,* for appellee.

1. The owner prepared the plat and filed it and had it recorded. Filing the plat and selling lots according to it constitutes an irrevocable dedication. 80 Ark. 493; 91 *Id.* 350; 77 *Id.* 570; 85 *Id.* 520; 13 Cyc. 455. In addition the owner indicated his intention to dedicate by starting the erection of a public building. From conflicting evidence the jury found there was a dedication and their finding is final.

2. There was no adverse holding during the life of Raphaelsky. 85 Ark. 527; 69 *Id.* 562; 58 *Id.* 142; 84 *Id.* 52. The statute of limitations did not run. Kirby's Digest, § 5593.

3. There was no duty to accept by ordinance. § 5531, Kirby's Digest, does not apply to "squares," and the Act of March 9, 1875, § 30, does not apply.

4. A continuous use of the streets and alleys by the public is sufficient acceptance and dedication. 80 Ark. 493. A statutory acceptance by ordinance may yet be made. *Ib.* 489; 68 Ark. 68; 85 *Id.* 525.

5.    The payment of taxes was a nullity. 68 Ark. 69; 42 *Id.* 77. It was not wild land and it was city or town property.

6.    There is no error in the instructions and the verdict is sustained by the evidence.

McCULLOCH, C. J.    This is an action instituted by the city of Wynne,. an incorporated city of the second class, against the defendant, J. C. Mebane, to recover possession of a block of land in that city alleged to have been dedicated to public use, and also a portion of a public street alleged to have been so dedicated and now in the possession of the defendant. There was a trial of the cause before a jury, which resulted in a verdict and judgment in favor of the plaintiff, from which the defendant has prosecuted an appeal to this court.

The parties claim title from a common source and the question at issue is whether or not there was an accepted dedication of the ground to the public use and whether or not the right of the public to use it still exists. The property was owned originally by Morris Raphaelsky as a part of acreage property owned by that individual. In the year 1892 Raphaelsky platted this property, which was then in the suburbs of the village of Wynne, into blocks and lots intersected by streets and alleys, and caused the plat to be placed of record in the office of the recorder of deeds. There was an issue in the case whether or not the plat was actually recorded by authority of Raphaelsky, but the evidence was sufficient to sustain the finding of the jury in favor of the plaintiff on that issue, and we must, therefore, treat it as settled. On the plat one of the blocks, 210 feet square, was designated as "Franklin Place." There were streets on the east and west side, respectively, of the block, which were generally of the width of fifty feet, but in that particular block the two streets on the plat were widened so as to make the width of each eighty feet. Some of the witnesses in the case speak of this as a jog thirty feet wide, but according to the plat it must be treated as the widening of the street as above stated.

Those two streets were designated on the plat as Second
and Third streets, the former running north and south
on the east side of Franklin Square, and the latter
running north and south on the west side of Franklin
Square. There were also two narrower streets on the
north and south sides of Franklin Square, designated,
respectively, as North avenue and South avenue.
Raphaelsky sold off lots and blocks by descriptions
having reference to the plat, and the city has been built
up in that subdivision. The streets were used by the
public, but the undisputed evidence is that the space
designated as "Franklin Square" has never at any time
been put to any public use, and has never been accepted
by the city council as a public place. Raphaelsky had
some sort of notion, according to the testimony, of
constructing a public building on the lot. Some of the
witnesses say that his purpose was to erect a public
school building, and others that he proposed to erect a
public sanatorium. He did not in fact erect any building
at all, but he began one and caused a concrete founda-
tion to be laid. His reasons for abandoning the project
are not clear from the testimony in the record, nor indeed
is it very clear that he intended to abandon the project,
but he spent much of his time abroad and it was only
at intervals that he returned and discussed with citizens
his plans. He died in January, 1896, leaving a last will
and testament whereby he devised all of his undisposed of
property to trustees. The will was duly probated and
in April, 1901, the trustees sold and conveyed the block
designated as Franklin Square, to one Sharp. Sharp sold
and conveyed to J. C. Harrell in November, 1901, and
the latter immediately fenced up the property and
extended his fence on the east and west sides so as to
take in thirty feet of the streets designated on the plat
and to leave only spaces fifty feet wide of Second and
Third streets, respectively. In other words, he fenced
up those streets so as to make them of uniform width of
fifty feet on the side of this block, the same as the
remaining portions of those streets. Harrell continued
to occupy the property for several years until he sold it

to the defendant Mebane, who built a store house on the northeast corner of the enclosure. That building faces north and is mainly on the thirty foot strip designated as a part of the street. The undisputed evidence is that the property has been held by Harrell and the defendant, respectively, in hostility to any adverse claim, since Harrell took possession in the autumn or winter of 1901. In the deed from the trustees of the Raphaelsky will to Sharp, and also in the deeds from Sharp to Harrell, and from Harrell to the defendant, the property was described merely as "Franklin Square of the Raphaelsky Addition to the City of Wynne," and it is conceded that that description did not cover the portions of the designated streets now occupied by the defendant.

On the trial of the case before the jury the court refused to submit the question of title by adverse possession, and submitted only the issue as to whether or not there was an intention on the part of Raphaelsky to dedicate the property to public use, and the jury found that issue in favor of the plaintiff.

(1-3) It is easy to dispose of that portion of the case which relates to the property included in the designation of the public streets, for we think that feature of the case is ruled by the decision of this court in *Paragould* v. *Lawson*, 88 Ark. 478. The evidence shows in the present case, the same as in the case just cited, that there had been an acceptance of the dedication, and that the public had used a portion of the street, and this court held that the city, as the representative of the public, had the right to require encroaching property owners to withdraw the encroachments at any time that the public authorities elected to open the street to its full width. We held that the statute (Kirby's Digest, sec. 5593, subd. 3) which exempts cities of the second class from the operation of the statute of limitation with respect to encroachments upon streets, alleys and other public places, was applicable to the facts of the case, and that where there had been an acceptance of the dedication to public use

the statute of limitation did not run against the right of the city to open the street. The incorporated town of Wynne became a city of the second class in the year 1905, and the occupancy by defendant, and his grantor of that portion of the land which constituted a portion of the dedicated street, had not ripened into title by limitation, and it is not claimed that the defendant has acquired title in any other manner, for it is clear that the description contained in the deeds to him and his immediate grantor, described nothing more than the block of ground designated as Franklin Square. The raising of the grade of the corporation to a city of the second class stopped the statute of limitations from running, and the defendant's possession could not then thereafter ripen into title. *Paragould* v. *Lawson, supra.* It follows, therefore, that the city's right to open the public street to its full width as originally dedicated to the public use and accepted and used by the public, has not been barred by lapse of time and by adverse occupancy.

(4) The defendant's claim of title to the block designated as Franklin Square appears, however, in a different attitude and falls within the application of other principles. This court has steadily adhered to the rule that "an owner of land by laying out a town upon it, platting it into lots and blocks intersected by streets and alleys, and selling lots by reference to the plat, is held to have dedicated to the public use the streets and alleys and other public places marked on the plat and such dedication is irrevocable." *City of Hope* v. *Shiver*, 77 Ark. 177; *Davies* v. *Epstein*, 77 Ark. 221; *Dickinson* v. *Arkansas City Improvement Co.*, 77 Ark. 570; *Brewer* v. *Pine Bluff*, 80 Ark. 489; *Stuttgart* v. *John*, 85 Ark. 520; *Paragould* v. *Lawson, supra; Balmat* v. *City of Argenta*, 123 Ark. 175.

In *Frauenthal* v. *Slaten*, 91 Ark. 350, we extended the rule so as to make it applicable to the dedication of public grounds other than streets and alleys, and we held that the word "Square" used on a plat designating a certain portion of ground within the limits of a city or

town, indicated a public use and constituted a dedication of the space so indicated to public use, and when the dedication was accepted it became irrevocable. A dedication by this mode falls within the class of implied dedications and, as stated by a learned author on the subject, is based on the doctrine of estoppel. 1 Elliott on Roads and Streets, sec. 137; *Forney* v. *Calhoun County*, 84 Ala. 215; *Mann* v. *Bergmann*, 203 Ill. 406; *Lewis* v. *City of Portland*, 25 Ore. 133.

(5-6)   "In order to make a dedication complete on the part of the public as well as the owner," says the same author in section 165, "there must be an acceptance by the public or the proper local authorities. The owner may, as a rule, recall a dedication at any time before it has been accepted. * * * The acceptance must generally be made by representatives of the public having authority over highways or by the public by general use of the way."   Now, it should be added to what the learned author has said on this subject, that so far as the rights of private individuals are concerned, a purchase of property from the dedicator with reference to the plat on which the public places are designated, constitutes an acceptance which is irrevocable. In other words, private rights accrue by virtue of the acceptance given in that manner, but the public rights only accrue by some method of public acceptance, which, as the author states, may be expressly given by representatives of the public or by the use of the property by the public.

(7-9)   In the present case there has been no public acceptance in either of the modes indicated. The city has never formally accepted the dedication, nor has there been any use made of the property by the public. There having been no acceptance by or for the public, the dedication may become extinct either by an express withdrawal on the part of the original dedicator or by his death before acceptance, or by lapse of time. So according to that rule the present attempt on the part of the public authorities to accept the dedication and put the property in use, comes too late. The statu-

tory exemption of cities from the operation of the general statute of limitations with respect to public property has no application in this case for the reason that the public rights have never accrued and there are no such rights in existence to be exempted. The only rights which might be involved are those as to private ownership under purchase from the dedicator, according to the descriptions contained in the plat filed and recorded. The assertion of those rights is now barred by the statute of limitations as the exemption in favor of a city does not extend to the rights of private owners who claim to have been injured by virtue of an encroachment upon public property. *Broad* v. *Beatty*, 73 Ark. 107. In that case we said: "Without undertaking to determine the full scope and effect of the statute we hold that it is not applicable to prevent a plea of limitation in an action of this kind brought by an individual to require the removal of an obstruction from the public grounds of the city after an adverse holding for more than the statutory period and when no order of removal has been made by the city council or police court."

This case is distinguished from the case of *Paragould* v. *Lawson, supra*, by reason of the fact that there had been an acceptance by the public, the use of a portion of the street having the effect of accepting the dedication to the full extent of the width of the street as indicated on the plat. In the present case, however, there has been no acceptance at all and no use made of this block of land by the public.

The plaintiff relies upon other decisions of this court (*Hope* v. *Shiver, supra*, and *Brewer* v. *Pine Bluff, supra*), as holding that a dedication by designation of streets and other public places on a plat is preserved indefinitely and may at any time be accepted by the public authorities, but we think that neither of those cases are applicable to the facts of the present case. In the case first cited, the occupancy by an individual had been upon the express authority of the city council, and in the last mentioned case there had been such a

use of the street as constituted an acceptance by the public though there never had been a formal acceptance on behalf of the public. We are, therefore, of the opinion, that according to the principles announced on this subject in the previous decisions of this court, and according to the views expressed in the decisions of other courts, the original dedication by the former owner, was never accepted by the public and that it is too late now for such an acceptance after the private rights of those who purchased with reference to the plat have been barred by lapse of time and adverse possession. It follows that the circuit court erred in its ruling, and according to the undisputed evidence the defendant was entitled to a judgment in his favor so far as concerns the title and right of possession to the area described as "Franklin Square."

The judgment is, therefore, reversed and the cause remanded with directions to enter judgment in favor of the plaintiff for that portion of the street which is occupied by the defendant, and to render judgment in favor of the defendant as to the remainder of the property.