GATHRIGHT v. STATE.

Opinion delivered June 4, 1917.

1. ESTOPPEL—DEED TO PUBLIC—DEED TO COUNTY.—Where a deed to certain property was executed to the county in order to secure the location of the county seat in the town, the deed being in fee simple, the grantor will be estopped from later setting up a claim of ownership of the property.

2. LIMITATIONS—AGAINST THE PUBLIC.—Unless exempted by statute, the operation of the statute of limitations is in full force and effect in this State against the public as well as individuals.

3. ADVERSE POSSESSION—BY COUNTY.—The county held to have acquired title to certain lands by adverse possession.

Appeal from Little River Chancery Court; *Jas. D. Shaver,* Chancellor; affirmed.

*W. P. Feazel,* for appellant.

1. The dedication was irrevocable and the title passed absolutely to the public by the deed and plat. 91 Ark. 355; 77 *Id.* 177; *Ib.* 221; *Ib.* 370; 80 *Id.* 489; 85 *Id.* 520.

2. The appellants are not barred by limitation. The dedication was made to the public—the people. The possession of the county has not been continuous, adverse nor hostile to the public interest and the statute of limitations does not apply to the sovereign or public. 11 Gratt. 576; 46 W. Va. 541; 11 Ark. 148; 115 U. S. 408; 68 Ia. 284; 24 Cal. 245; 117 Ala. 250; 8 Barb. (N. Y.) 189. We have not overlooked 41 Ark. 45 and 84 *Id.* 52. They do not apply, for the dedication was to the incorporated town for the use of the public, etc.

3. The county's possession was not hostile. 91 Ark. 354; 42 *Id.* 118; 76 *Id.* 529; 94 *Id.* 492; 49 *Id.* 266.

*A. D. Dulaney,* Prosecuting Attorney, and *James D. Head,* for appellee.

1. The rights of Foreman, if any, were lost by reason of the decree in *Schuman* v. *Rocky Comfort,* 110 Ark. 490.

2. The statute runs in favor of a county. 41 Ark. 45; 58 Ark. 151; 73 Ark. 107; 84 *Id.* 52; 192 S. W. 221; 91 Ark. 354; 58 *Id.* 142. Also against the public as to streets and alleys, etc. 77 *Id.* 177; *Ib.* 22, 570; 80 *Id.* 489; 85 *Id.* 520; 88 *Id.* 478; 123 *Id.* 175; 91 *Id.* 350. As to parks, see 192 S. W. 221.

3. The county's possession was hostile. 73 Ark. 187; 1 Cyc. 1030, 1033; 42 Ark. 118. It acquired title by limitation; its occupancy was sufficient. 40 Ark. 237; 30 *Id.* 640.

4. The chancellor found in favor of the county and its findings are not against the preponderance of the evidence.

Humphreys, J. Appellee filed an *ex parte* bill in the Little River Chancery Court on the 29th day of January, 1916, to quiet title to lots 17-28, inclusive, in block 30, in the town of Foreman or Rocky Comfort, alleging that said lots are a part of the west half of block 30 in said town; that said county procured title to said lots by conveyance, through order of the chancery court, from Eliza Schumann on the 18th day of February, 1903; that it took possession of said real estate under said deed and has held possession thereof since that time.

Appellants became parties to the suit by agreement and responded that individually and collectively they owned an interest in said real estate under a dedication plat or deed filed by Carl and Eliza Schumann on the 28th day of December, 1898, dedicating the west half of block 30 in said town, to the public, and that the title of the town of Foreman and the general public was paramount to the title of appellee; and denied that appellant had held adverse possession of said real estate since it acquired deed thereto in 1903 to the present time. The chancellor heard the case upon the pleadings, testimony and exhibits, including writings, orders, documents and decrees, from which he found that the county acquired title under the Schumann deed in 1903, and that

it had held actual, continuous, open, notorious and exclusive, hostile possession of all of the west half of said block 30, except such part of said real estate as it sold to the town of Foreman or Rocky Comfort in the year 1911 or 1912; and on December 1, 1916, rendered a decree quieting and confirming title to said real estate in the county of Little River.

From this decree, appellants have prosecuted an appeal to this court.

Adjoining owners of certain tracts of land in Little River County laid off the town of Rocky Comfort or Foreman on said lands, and, in addition to laying off streets and alleys, marked block 30, near the center of the town, upon the plat as "public square." The plat was filed for record and lots in the town were sold with reference to the plat. In 1903, J. B. Burks, P. D. Williams and P. S. Kinsworthy, court house commissioners, brought suit against Eliza Schumann and Carl Schumann, for a reformation or cancellation of the dedication of the west half of block 30, alleging that a mistake had been made in marking on said block 30 "public square"; that the intention was to dedicate said block to said county for court house purposes and that the mistake should be corrected so as to designate the block "court house square" instead of "public square." The Schumanns responded, and upon hearing, the dedication was canceled, corrected and reformed so as to conform to the intentions of the parties, and Eliza Schumann was ordered to execute a deed for said real estate to Little River County. The deed was executed and filed for record on the 18th day of February, 1903. The county took possession of the property and erected a county jail thereon. The county seat was afterwards moved to Ashdown. In 1911, the Schumanns brought suit against the town of Foreman or Rocky Comfort and a number of citizens of said town to quiet their title to said real estate, and on the 13th day of June, 1912, obtained a decree against the defendants and general public. The de-

cree recites service. The county was not made a party
to the suit. In 1912, the mayor of the town of Foreman
petitioned the county court to sell 100 feet off of the
north end of the west half of block 30, and at the sale
ordered by the county judge, the city purchased said
parcel or part of land for $105.00. The county judge
appointed commissioners to lay off the west half of
block 30 into lots for purposes of sale. The Schumanns
brought suit to enjoin the county judge and commis-
sioners from selling said real estate, and, in that suit,
upon appeal to this court, it was held, as between the
Schumanns and the county, that the county acquired
the Schumann title under the deed of 1903, executed by
Eliza Schumann to said county under order of court. It
was held in that case that the Schumanns either parted
with title to the county by deed February 18, 1903, or
to the public by dedication in filing plat on the 28th day
of December, 1898; that, if they reacquired title to the
property by the decree of June 13, 1912, her title inured
to the benefit of the county. In other words, the decree
reserved all interest the public might have, it not being
a party to the suit of *Schumann* v. *George,* then before
the court for adjudication. It nowhere appears that the
public, or city acting for the public, either in a formal
way or by acts of user sufficiently definite and certain,
accepted the west half of block 30 under the dedication
deed and plat prior to the decree and deed of the Schu-
manns to the county of date February 18, 1903. It no-
where appears that any of the parties in this suit were
purchasers of lots by reference to the plat prior to the
withdrawal of the dedication and conveyance of said
property to the county in 1903, and if they were pur-
chasers, they are estopped and barred. Neither does it
appear from the record before us that any of the indi-
viduals prosecuting this suit suffered any special or pe-
culiar injury not suffered by the general public through
the withdrawal of the dedication.

(1) It is contended by appellants that the dedication was irrevocable and that the title passed absolutely to the general public by the plat and deed of dedication of date December 28, 1898. In the very recent case of *Mebane* v. *City of Wynne*, 127 Ark. 364, 192 S. W. 221, this court committed itself to the doctrine that a dedication of property to the public is not complete until the public, through proper representative, accepts the dedication, or until the public accepts the dedication by use of the property; and that the owner, as a rule, may recall a dedication at any time before it has been accepted. In the instant case, there was no formal acceptance of the dedication by the city or public and no public use made of the property until after the recall of the dedication by the dedicators. In addition to this, the city and all other parties to this suit, in order to secure the location of the county seat, acquiesced in the decree canceling and correcting the mistake made in marking on the block "public square" instead of "court house square," and in the withdrawal of the dedication and the conveyance of said property to the county in fee smiple in 1903. It was necessary, before an order could be made locating the county seat at Foreman, that a deed in fee simple to the property in question be made to the county. The appellants are clearly estopped by these acts from now setting up a claim to the property in question.

(2) It is also contended by appellants that the public is sovereign and therefore exempt from the statute of limitations. Unless exempt by statute, the operation of limitation statutes is in full force and effect in this State against the public as well as individuals. *Ft. Smith* v. *McKibbin*, 41 Ark. 45; *Helena* v. *Hornor*, 58 Ark. 151; *Mebane* v. *City of Wynne*, 127 Ark. 364, 192 S. W. 221.

(3) It is also contended by appellant that the county's possession was not hostile. The evidence on this point is somewhat conflicting, but the chancellor found that the county had been in the open, adverse, con-

tinuous and hostile possession of the property in contro-
versy under color of title for more than seven years be-
fore the commencement of this suit, and, after a careful
reading of the evidence, we are unable to say that the
chancellor's finding is against the clear preponderance
of the evidence.

The decree is therefore in all things affirmed.