## Hedge, et al. v. Cavender.

(Decided January 11, 1927.)

### Appeal from Graves Circuit Court.

1. Dedication—Anything Indicating Donor's Intention and Acceptance by Public Amounts to "Dedication" Irrespective of Writing.—Anything which fully indicates intention of donor to dedicate and acceptance thereof by public will amount to "dedication," and may be made either with or without writing.

2. Dedication—No Subsequent User or Acceptance is Necessary to Establish Regularly Executed and Formal Dedication.—Where there is formal dedication executed, signed, and acknowledged in

due form and recorded in proper office, no subsequent user or acceptance of dedication is necessary to prove or establish it.

3.  Dedication—Title to Streets and Alleys Dedicated to Public Remains in Grantor as Trustee.—Where grantor dedicated streets and alleys to public, title to that part of ground laid out in streets and alleys remained in grantor as trustee for use and benefit of public.

4.  Dedication—Grantor as Holder of Legal Title of Streets and Alleys Dedicated to Public may Maintain Action to Prevent Obstruction. —Grantor dedicating streets and alleys to public, as holder of legal title as trustee for public, had right to complain of obstruction thereof and to maintain action to prevent continuance of trespass.

J. E. WARREN for appellants.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A part of the Kentucky farm of appellee, Cavender, was subdivided into town lots under the name ''Cavender Addition to Dukedom,'' a village in the edge of Tennessee adjacent to the Cavender lands in Graves county, Kentucky. Along the state line is a public highway which constitutes one of the streets of the village. At right angles to this road is another road leading to Water Valley, and there are other roads leading into Dukedom. The Cavender farm lay at the intersection between the state line highway and the Water Valley highway. The part subdivided consists of two blocks, each of which contains thirty-six (36) lots. On the outside of this subdivision ran streets all the way around. The two blocks were divided by a street and through the center at right angles with the street was a fifteen foot alley. The streets were but slightly improved. A public sale was had and all of the lots in each of the blocks were sold, different persons becoming the purchasers. Later appellant, Hedge, became the owner of all the lots in block No. 2, while appellant, Wilson, became the owner of all of the lots in block No. 1 of the subdivision. About this time they enclosed the entire subdivision, including the streets, by a fence. Complaining of this appellee, Cavender, instituted this action in the Graves circuit court, praying that Hedge and Wilson, and each of them, be required to remove the fence and other obstructions and open and keep open the streets and alleys of the addition. Appellants

filed answer denying the right of Cavender to the relief
sought in his petition, and further pleading that they
were the owners of the entire addition, including the
streets; that in conveying the lots to the respective pur-
chasers appellee, Cavender, conveyed the streets and
alleys as appurtenant thereto, and when appellants be-
came the owners of the lots they also became the owners
of the streets and alleys, no one else being interested in
the lots. It was further averred that appellee, Cavender
had no interest in or to the lots or subdivision, having sold
and conveyed same to other persons, and further that
the streets and alleys laid off in the subdivision were not
appurtenant to the balance of his adjacent land, and the
streets and alleys were not ways of necessity to his farm.

When the addition was laid out and mapped Caven-
der caused the map to be recorded in the office of the
clerk of the Graves county court and with it the follow-
ing dedication:

"We, J. S. Cavender and wife, M. A. Cavender,
hereby grant and dedicate to public use the streets
and alleys as designated on the foregoing plat of the
Cavender addition to the town of Dukedom, Tennes-
see, said addition being in Graves county, Kentucky,
to parties whom we have already conveyed lots out
of said addition and to those whom we may hereafter
convey lots out of said addition and to the public, and
we grant said streets and alleys privileges to run
with said land to whomsoever it may be conveyed.
Being a part of the same land conveyed to J. S.
Cavender by deed dated the 13th day of May, 1893,
of record in deed book 4, page 376, in the Graves
county court clerk's office."

After the issues were made up the parties made,
signed and filed a stipulation of facts, whereupon the
court, after the cause was submitted, found and adjudged
that appellants, Hedge and Wilson, had wrongfully and
without right fenced up the streets and alleys in and
around the subdivision, and enjoining them from main-
taining the fences over and across the streets and alleys,
and it is from that judgment that this appeal is prose-
cuted.

As grounds for a reversal of the judgment appel-
lants insist that where a subdivision is plotted and the
plot recorded and the lots sold off by number, as in this
case, the purchasers of the lots become the owners in fee

·of the streets and alleys shown on the plot, subject only to the easement of the public to travel thereon, and further that there must be an acceptance of a dedication, and where a town site is wholly outside of an incorporated town or village the public can only acquire the right to use the streets and alleys by a formal dedication, or by constant use for a time sufficient to amount to prescription. They also contend that appellee, Cavender, is estopped to complain of the closing of the streets and alleys because he stood by and allowed the fences to be erected before appellant, Wilson, became the purchaser without objection and thus misled Wilson to his hurt, and also estopped himself to complain of the obstruction of the streets and alleys by Hedge by inducing Hedge to purchase the lots with the idea that they might be enclosed by a single fence and the streets obstructed.

A dedication of land to public use may be made in one of several ways, and no set form of words, mode or ceremonies are necessary. Anything which fully indicates the intention of the donor to dedicate, and the acceptance by the public, will amount to a dedication. A dedication may be made either with or without writing, 8 R. C. L. 889. Dedications must always be to the public, and differ very materially from other transfers of real property, especially in that no writing is required, and such a conveyance takes place even though there be no trustee or other public official in whom the legal title may vest, for it is a principle well recognized everywhere that a dedication for a public use is never allowed to fail or lapse for want of a person to take the legal title, for the reason that the public, an ever existing present grantee, is capable of taking and holding the legal title. In the case before us we have a regularly executed and formal dedication, signed and acknowledged in due form, recorded in the proper office, a public record. In such case no subsequent user or acceptance of the dedication is necessary to prove or establish it. In the case of Rowan's Executors v. Town of Portland, 8 Ben Mon. 232, it was held that the rights of a purchaser of a lot in an established town is not confined to the mere use of the ground purchased but his rights extend to the use of all the streets, alleys and public grounds and other public places in the town, according to their appropriate purposes; and it was further held that the fact that the town was not established by public authority but only by

private act of the proprietor of the land and the purchasers of lots, did not prevent nor hinder the dedication of the streets to public use, even though there were no public trustees to receive the title. In the instant case the proprietor of the lands, as already shown, did, in fact, create a right or use in others in and to the streets by the public, as to those parts of the town which by plot and plan were designated for public use.

The dedicatory writing executed by Cavender and his wife for the streets and alleys in the subdivision under consideration, makes it quite plain that the dedication was made to the public, for in this respect the paper says, "Hereby grant and dedicate to public use the streets and alleys as designated on the foregoing plot of the Cavender addition to the town of Dukedom." True, it also says, "to parties to whom we have already conveyed lots out of said addition and to those to whom we may hereafter convey lots out of said addition," but it adds to that clause this phrase, "and to the public," thus reaffirming the dedication to the public. Clearly the purchasers of the lots in the subdivision did not acquire title to the streets and alleys by the purchase of lots, or even all of a block, for the dedication was not alone for the use and benefit of those who purchased lots in the addition but was particularly to the public, with the right to those who bought lots to use the same, which was no more than would have been their right had the dedication been to the public only. The title, therefore, to that part of the ground laid out in streets and alleys remained in Cavender, the proprietor, as trustee for the use and benefit of the public. The owners of the lots had the right to the use of the streets and alleys for such purposes as streets and alleys are commonly used and they had no right to close up or obstruct these passageways; neither had the proprietor, Cavender, a right to do so. The public had an interest in and to the streets and alleys paramount to that of either the proprietor or the lot owners. 8 R. C. L. 888; 18 C. J. 108, et seq.; Rowan's Executor v. Town of Portland, *supra;* Schneider v. Jacobs, 86 Ky. 106; Wickliffe v. City of Lexington, 11 Ben Mon. 155; Newport, &c. v. Plummer, 149 Ky. 534; Estep v. Hammons, 104 Ky. 144; Valpenheim v. Westerfield, 216 Ky. 157. Entertaining these views we do not deem it necessary to discuss other questions made.

As holder of the legal title in the streets and alleys as trustee for the public if not as owner of adjacent lands to which the streets were appurtenant, appellee, Cavender, had a right to complain of the obstruction of the streets and alleys in the town site and to maintain this action to prevent the continuance of these trespasses by appellants, Hedge and Wilson.

Judgment affirmed.