GOWERS *v.* CITY OF VAN BUREN.

4433                                                   197 S. W. 2d 741

Opinion delivered December 2, 1946.

*Howell & Howell,* for appellant.

*Clyman E. Izard,* for appellee.

Holt, J. Henry Gowers, appellant, was charged with having violated an ordinance of the City of Van Buren by erecting or placing a fence across a street in said city. There was a trial to a jury and at the conclusion of all of the testimony introduced by the parties, the court instructed the jury to return a verdict of guilty, whereupon the jury returned a verdict of guilty and imposed a fine of $5. This appeal followed.

For reversal, appellant says: "The first question to be settled is whether or not the city had authority

to exercise control over the land described as Dunlap Street. In this connection, we admit that during the year 1910 the then property owners dedicated a portion of the land in question to the City of Van Buren and the County Court, after hearing the property owners' petition, made an order to the effect that said lands may be incorporated in the City of Van Buren, but to this good day the city has neglected and failed to accept the said dedication of the property in question in the manner provided by law.''

He relies primarily on § 9499 of Pope's Digest which provides: ''If no such notice shall be given within thirty days from the making of the order of annexation by the county court, the proceeding before said court shall in all things be confirmed. Provided, the city or town council shall, by ordinance or resolution, accept said territory. If the council accepts the same, two copies of the entire proceedings and plats shall be made out by the county clerk, and, by him duly certified, shall forward one to the city or town council, and the other to the Secretary of State, who shall file and preserve the same.''

As we read the record, the material facts in this case appear to be undisputed. Appellant admitted that Dunlap Street, involved here, was included in the annexation order of the county court in 1910, but his argument is that the trial court was without jurisdiction because the City of Van Buren had never accepted this territory by ordinance or resolution, as required by § 9499, *supra*. He admitted that he built the fence that obstructed the street in question.

Appellee, City, admits that it has ''been unable to find any ordinance or resolution of the city accepting this annexation.'' The record reflects, however, that a copy of the proceedings and orders of the county court relating to the annexation of the property involved here, including plat and map of same, was duly filed with the Secretary of State.

We take judicial notice of these records on file in the office of Secretary of State. We said in *Riggs* v.

*Brock,* 208 Ark. 1050, 189 S. W. 2d 367, ''We take judicial cognizance of those records required by law to be maintained in the office of the Secretary of State.''

Upon our own investigation, we find that the final order of the County Court, relating to the annexation proceedings here involved, does not appear in the record before us. That order contains, among others, the following provision: ''And it further appearing to the court that the City Council of the said City of Van Buren, Arkansas, has duly accepted said territory by proper resolution as a part of the incorporated city of Van Buren, and annexed the same thereto, extending its limits to correspond with those described above. It is therefore considered, ordered and adjudged by the Court, that the order of annexation heretofore made of said territory to the City of Van Buren, and all proceedings had in relation thereto, are in all things ratified and confirmed.''

This order of the county court, a court of record, wherein the finding was made that ''Van Buren, Arkansas, has duly accepted said territory by proper resolution as a part of the incorporated city of Van Buren, and annexed the same thereto,'' is *prima facie* proof of the city's acceptance by resolution of the annexation of the property involved here.

The facts further disclose that taxes have been assessed and collected by the city against property in the addition involved and lots have been bought and sold in accordance with the plat or map, *supra,* and the City has improved streets in this addition. We hold, therefore, that annexation of the property involved here to the City of Van Buren has been properly established by undisputed testimony.

Appellant next argues that the proof shows that Dunlap Street, the one involved here, even though within the annexed territory and duly platted on the map, was not subject to the control of the city for the reason that it had never been opened up, used and maintained as a street.

We think this contention untenable for the reason that the facts disclose, as indicated, that the lots were sold in this territory in accordance with the recorded plat thereof and streets improved and used by the city. While the city had not opened and used, the particular street here involved as a street, any delay in this regard did not affect its right to assert control and open it as necessities or resources demanded.

In *Paragould* v. *Lawson,* 88 Ark. 478, 115 S. W. 379, this court said: "The equitable doctrine of laches can not be successfully invoked to defeat the right of the city to open the street which was dedicated to that use. . . . Nor is the city estopped, on account of the inaction of its officers for a long period of time, to proceed to open the street. The city had no power to vacate the street (*Texarkana* v. *Leach,* 66 Ark. 40, 48 S. W. 807, 74 Am. St. Rep. 68), and it could not do indirectly through mere inaction on the part of its officers that which it was without power to do directly. *Beebe* v. *Little Rock,* 68 Ark. 39, 56 S. W. 69. The owners of lots abutting on the platted street had notice of the dedication, and are presumed to have had knowledge of the city's legal right to proceed in its own time to open the street. *Brewer* v. *Pine Bluff, supra,* (80 Ark. 489, 97 S. W. 1034). They could, therefore, build up no right to continued occupancy of the dedicated strip on account of delay in opening the street to public use," and in *Little Rock* v. *Wright,* 58 Ark. 142, 23 S. W. 876, it is said: "The city had the right to postpone the removal of the obstructions, and the opening of the streets, until such time as its resources permitted, and the public necessities demanded."

"Where lots have been sold with reference to the plat, no formal acceptance by the city or town is necessary, as by that act the dedication becomes irrevocable, and the municipality may accept at any time and assume control over the streets and alleys," *Stuttgart* v. *John,* 85 Ark. 520, 109 S. W. 541. See, also, *State ex rel. Latta* v. *Marianna,* 183 Ark. 927, 39 S. W. 2d 301.

Finally, appellant "suggests" that the trial court erred in "withdrawing the case from the jury's consideration and instructing it to find for the plaintiff." We think this contention without merit for the reason that this is a misdemeanor case and, as indicated, the material facts are undisputed and since the punishment for a violation of the ordinance in question as fixed by it is "in any sum not less than $5 nor more than $25," with no provision for a jail sentence, the court had the power to instruct the jury to return a verdict of guilty and to assess the amount of the fine.

We said in *Collins* v. *State*, 183 Ark. 425, 36 S. W. 2d 75 that "In misdeameanor cases, where the punishment is by fine only, the circuit judge would have the power to direct a verdict of guilty where the facts were undisputed and where guilt from all the evidence was the only inference that could be drawn. But where the punishment may be imprisonment or where the law provides that it may be fine or imprisonment, the trial judge has no power to direct a verdict." (Citing many cases).

Finding no error, the judgment is affirmed.