# Shurtleff et al. v. City of Pikeville et al.

February 18, 1949.

Hinton & Rice, Garred O. Cline and E. N. Venters for appellants.

J. E. Childers and W. E. Stratton for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In 1920 one Draves made a plat of a small tract of land in the City of Pikeville, laying off the land into town lots and dividing them by streets and alleys. The plat was recorded in the Pike County Clerk's office. The property platted is known as Cline Addition No. 3, and adjoins Cline Addition No. 2 which had been platted by another owner. The streets and alleys running east and west, designated on the plat of Cline Addition No. 3, are extensions of streets and alleys designated on the plat of Cline Addition No. 2. The lots were sold with reference to the streets and alleys designated on the plat. An ally 10 feet wide runs parallel to and between Cline Street and Central Avenue, which are paved streets. Lots 8, 9 and 10 front on Central Avenue and

extend back to the alley, and lots 5, 6 and 7 front on Cline Street and extend back to the alley. E. S. Shurtleff owns lot No. 5, his wife, Mae E. Shurtleff, owns lots 8 and 9, the Sanitary Steam Laundry Company owns lot 6 and lots 7 and 10 are owned jointly by E. S. Shurtleff, W. E. Elliott and the Laundry Company. They propose to construct a dry cleaning establishment on lots 8 and 9 across the alley from the laundry plant, and desiring to utilize the alley, the owners of the six lots bordering on the alley brought an action to have the part of the alley between lots 5, 6 and 7 fronting on Cline Street and lots 8, 9 and 10 fronting on Central Avenue closed, and they asked that the fee simple title thereto be declared to be vested in them. Other owners of property in the immediate vicinity and the City of Pikeville were made defendants. The plaintiffs alleged in their petition that the City had never recognized or accepted the alley as a public way, and that it had never been devoted to any public use. The City of Pikeville in its answer alleged that the alley proposed to be closed was dedicated as provided for in KRS 94.370, and thereupon became a public way of the City and had so remained for more than 20 years. On submission of the case the court adjudged that the plaintiffs were not entitled to the relief sought by them, and dismissed their petition. They have appealed.

It is appellants' contention that the city of Pikeville has never accepted the alley by formal ordinance or by devoting it to any public use or by exercising any control over it, and, therefore, cannot object to its closing. Where a street is dedicated by plat, acceptance in some form or other is essential in order to place upon the city the duty to maintain and repair it, but so far as the dedicator is concerned the recording of the plat and the sale of lots in the subdivision with reference to the street amount to an immediate dedication of the street to the use of the purchasers of the lots and of the public, although the street is not actually opened and there has been no acceptance by the city. Morrow v. Richardson, 278 Ky. 233, 128 S.W.2d 560. It is sometimes said that an offer of dedication must be accepted within a reasonable time, but in this jurisdiction the rule is that the dedicator by filing the plat and selling lots with reference thereto makes an express, irrevocable appropria-

tion of the strip of land for public use, Fayette County v. Morton, 282 Ky. 481, 138 S. W. 2d 953, and the municipal authorities may assume control at any time. It is not necessary that they should open the street immediately, but they may postpone this until the advancing population and private improvements and developments make it necessary. In City of Henderson v. Yeaman, 169 Ky. 503, 184 S.W. 878, 882, Mrs. Yeaman was claiming title to a strip of ground which had been designated as a street on a plat when the City of Henderson was laid out in 1797. Mrs. Yeaman insisted that the city had lost any rights it may have had by reason of its failure to improve the strip or to accept it in any manner as a street or public way, but the court disallowed her claim and, in the course of the opinion, said:

"When streets are set apart and dedicated to the public use, and a town or city is built on the ground so laid off for this purpose, the city authorities are not required to take physical possession or control of each street, or to improve it in order to save their right to reclaim it against any person who undertakes to hold it adversely. Nor is there any period fixed by statute or judicial ruling in which a street so dedicated must be taken possession of by the city or improved by it in order to prevent an abandonment. The city may delay manifesting its acceptance by control and improvement as long as it pleases. It may wait until the needs of the public or the city require its improvement, and in the meantime, and since the statute of 1873, no person may take possession of a street dedicated to public use, although there may have been no record acceptance of it or overt act of control, without giving the statutory notice of his intention to appropriate it."

See, also of City of Covington v. Hall, 98 S.W. 317, 30 Ky.Law Rep. 356; City of Louisville v. Mutual Life Insurance Company of Kentucky, 147 Ky. 141, 143 S.W. 782; and from other jurisdiction Osterweil v. City of Newark, 116 N.J.L. 227, 182 A. 917; Hulett v. Borough of Sea Girt, 106 N.J.Eq. 118, 150 A. 202; Gowers v. City of Van Buren, 210 Ark. 776, 197 S.W.2d 741; Beale v. Town of Takoma Park, 130 Md. 297, 100 A. 379; City of Niagara Falls v. New York Cent. & H. R. R. Co., 41

App. Div. 93, 58 N.Y.S. 619, affirmed 168 N.Y. 610, 61 N.E. 185.

Here, the appellants purchase lots 8, 9 and 10 fronting on Central Avenue and extending back to the alley, and lots 5, 6 and 7 fronting on Cline Street and extending back to the alley. They have shown no right to the strip of ground dedicated as an alley other than the right to use it as a public way. Only the City may close the alley, and it must proceed in accordance with the provisions of KRS 94.360.

The court property dismissed appellants' petition, and the judgment is affirmed.