## LOUISVILLE & NASHVILLE R. CO. v. CITY OF OWENSBORO.

Court of Appeals of Kentucky.

March 23, 1951.

150

H. T. Lively, J. P. Hamilton and J. L. Lenihan, all of Louisville, Woodward, Bartlett, Hobson & McCarroll, Owensboro, for appellant.

Ridley M. Sandidge, Earl S. Winter, Owensboro, for appellee.

HELM, Justice.

This appeal is prosecuted by appellant, Louisville and Nashville Railroad Company, from a judgment directing it to construct a grade crossing over certain of its yard tracks in the City of Owensboro.

Appellant's freight house and its freight yards are located in the area bounded by Fourteenth Street on the north, Lewis Street on the east, Fifteenth Street on the south, and Frederica Street on the west. This tract was formerly owned by Harriett Triplett Johnson. In 1873 Mrs. Johnson and her husband, James L. Johnson, deeded a 39-acre tract to Francis Moore and James Z. Moore. The Moores created a subdivision and recorded the plat April 27, 1874. That plat, copies of which are in the record, includes four acres designated as Southern Wheel and Handle Company, later called the Hub and Spoke Factory site. This four-acre tract was deeded to F. H. French, and by mesne conveyances the tract was conveyed to J. D. Powers, agent and attorney for the Owensboro and Nashville Railway Company, by deed dated October 17, 1890 and recorded October 18, 1890. The Moores having failed to pay for the tract conveyed to them, Mrs. Johnson again became the owner of the greater part of the tract. Under her will, what is known as Johnson's Homestead Addition was platted by her trustee, C. H. Todd. Copies of the plat showing lots, blocks and streets, are filed with the record. The plat recorded November 3, 1890, provides: "All the streets and alleys shown on same" are dedicated "to the public and the respective lot owners." Her trustee, at public auction on October 15, 1890, by deed dated October 29, 1890, acknowledged November 18, 1890 and recorded November 19, 1890, sold to J. D. Powers lots 1 to 10. The deed sets out:

"Now this indenture witnesseth:

"That C. H. Todd, Trustee as aforesaid did on the 15th day of Oct. 1890 sell to the second party the following described parcel or parcels of said estate for the purposes aforesaid, viz:

"Lots Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 in Blocks A & B as shown by plat of record in Daviess County Clerk's Office, said lots or blocks are bounded on the north by Chestnut Street (now Fourteenth Street) on the east by Daviess Street on the south by Monarch Avenue (now Fifteenth Street) and on the west by Frederica Street * * *. These lots are situated in the Johnson Homestead Addition to Owensboro."

By deed dated November 19, 1890 and acknowledged and recorded October 7, 1891, J. D. Powers and wife conveyed both of these tracts to the Owensboro and Nashville Railway Company, the description being: "Beginning at the intersection of the Owensboro & Nashville Railway and Chestnut Street in Moore's Addition to the City of Owensboro, thence south along the west side of said railroad 526½ feet, thence at right angles west 318 feet, thence at right angles N 526½ feet, thence east 318 feet to the beginning being the same land known as the Hub & Spoke Factory, and the same conveyed to said J. D. Powers by deed dated 17th October 1890, and of record in the Daviess County Clerk's office in deed book 52, at page 488, also, lots numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 in Blocks A & B as shown by plat of record in Daviess County Clerk's office said lots or blocks being bounded as follows, to-wit on the north by Chestnut Street, on the east by Daviess Street on the south by Monarch Avenue and on the west by Frederica Street, (extended) or the Livermore Road, and being the same lots conveyed to J. D. Powers by deed from C. H. Todd, Trustee of H. T. Johnson estate, acknowledged by said Trustee and approved by the Judge of the Daviess Circuit Court, on the 18th day of November 1890."

On the Moore plat a 20-foot alley is shown running along the west side of the Spoke Factory site parallel with and 318 feet west of Lewis Street, along which the Railway had built its tracks. On the Johnson plat, Daviess Street is shown as a 58-foot street running along the west side of the Spoke Factory site parallel with and 320 feet west of Lewis Street.

In 1891 the Railroad constructed its freight house on the west part of Blocks A and B, and extended its railroad tracks over the Spoke Factory site and across what is designated on the plat as Daviess Street, to reach its freight house and its yard tracks. There are now four tracks extending across what is shown as Daviess Street. At the time the freight house was built and the railroad tracks constructed, this territory was an open farm—corn and weed field—located in the country, outside Owensboro. No actual street or road extended across it at the point marked Daviess Street on the plat, or at any other point deeded by Powers to the Railway. In February, 1900, all of this territory was annexed by the City of Owensboro.

In 1906 the City, by resolution, directed its attorney to have the obstructions removed from Daviess Street, between Fourteenth and Fifteenth Streets. The record does not disclose what action was taken as a result of that resolution. By deed of December 27, 1921, the Owensboro and Nashville Railway Company conveyed all of its property to appellant. In 1941 the City, by ordinance, ordered the improvements of Fourteenth Street, between Lewis and Frederica Streets, a distance of 1227 feet. Appellant was assessed $2 a foot for this entire distance, including the width of Daviess Street. In improving Fourteenth Street, a concrete curbing six inches in height was placed along the south side of Fourteenth Street from Frederica Street to Lewis Street without any break for Daviess Street. Just south of the curbing a 30-inch stone wall was constructed along the property of the Railroad, this also across the space designated on the plat as Daviess Street.

This action, a petition in equity, was filed in 1947, (1) to compel the Railroad (a) to restore the use of Daviess Street as a public street between Fourteenth and Fifteenth Streets by providing a suitable crossing upon Daviess Street for traffic across the tracks and other facilities of appellant; (b) to restore the grade of Daviess Street between Fourteenth and Fifteenth Streets; (c) to restore the foundation and surface of Daviess Street between Fourteenth and

Fifteenth Streets; (d) to maintain the integrity of Daviess Street and the crossing prayed for as a public street and crossing; and (2) to require the Railroad to remove and keep removed all obstructions to the public use of Daviess Street between Fourteenth and Fifteenth Sreets.

After testimony was taken by both parties, the court adjudged: " * * * Defendant, Louisville and Nashville Railroad Company, is hereby ordered and directed to forthwith construct a grade crossing within the right of way of that portion of Daviess Street, as platted on the plat of Johnson Homestead Addition, upon which the land owned by defendant between Fourteenth and Fifteenth Streets abutts; said crossing to be constructed in such manner as to provide a suitable way of travel for pedestrian and vehicular traffic across tracks and any other facilities of defendant within the right of way of that portion of Daviess Street; and defendant is ordered and directed to lower any track and remove any other facility, owned and maintained by it within the limits of the right of way of that portion of Daviess Street, if such is necessary in order to establish a suitable grade crossing in the manner hereinabove indicated. * * *"

The Railroad appeals, maintaining: (1) Appellee does not possess the right to establish, open and construct the proposed street; there was no effectual dedication; the appellee did not, and now cannot, accept the attempted dedication; the city has long since abandoned the alleged street; appellee is estopped to claim the alleged street; the Railroad had and exercised the right to close the alleged street, and appellant has acquired title to the alleged street by adverse possession; (2) the opening of the street would be an unconstitutional appropriation of appellant's property and an unconstitutional burden on interstate commerce; (3) the equities are not with the appellee; and (4) if appellee has the right to establish, open and construct the proposed street, that right cannot be enforced in these proceedings; the petition, as amended, did not state valid grounds for relief and appellant's demurrer thereto should have been

sustained; no ordinance was enacted to establish, open or improve the alleged street, as required by KRS 94.360 et seq., and the judgment is void for uncertainty.

The Moore plat, recorded in 1874, dedicated a 20-foot alley along the west side of the Hub and Spoke Factory site. The dedicator owned the land on both sides of the alley. Later the land on the west side was reconveyed to Johnson. The Johnson plat, recorded in 1890, dedicated 38 additional feet, making a total of 58 feet, and called the 58-foot street, Daviess Street. The dedication of Daviess Street by the Johnson plat constituted an enlargement of the 20-foot alley dedicated in Moore's addition by adding to it on the west side. The public way dedicated by Moore was increased, not cut down, by the Johnson plat. We believe the dedicator of the Johnson addition had the right to increase the width of a previously dedicated way by adding to it lands owned by the dedicator.

In Chesapeake & O. Ry. Co. v. City of Bellevue, 239 Ky. 61, 38 S.W.2d 943, 945, we said:

"In the case of Schneider v. Jacob, 86 Ky. 101, 5 S.W. 350, 351, 9 Ky.Law Rep. 382, it is said: 'And the principle is also well settled that where the owner of land lays the same out into building lots, streets, and alleys, and exhibits a map of it, which defines the lots, streets, and alleys, though the streets and alleys are not yet actually opened, and sells the lots as bounded by such streets or alleys, this is an immediate dedication of such street or alley to the use of the purchaser and to the public.'

*    *    *    *    *    *

"In this case, the lots along Pendleton avenue were sold under deeds making reference to a map or plat and also to this street, so under the cases cited it became a dedicated street for the use of the purchasers of lots and of the public, generally. * * *"

From the record, it clearly appears that Daviess Street was effectually dedicated as a street.

In City of Middlesboro v. Kentucky Utilities Co., 237 Ky. 523, 35 S.W.2d 877, 881, we said:

" * * * 'In Creekmoore v. Central Construction Co., 157 Ky. 336, 163 S.W. 194, this court held that a street dedicated to the purchasers and the public in a subdivision outside of the city limits automatically became a city street when the subdivision was taken into the city. In the late case of Volpenheim v. Westerfield, 216 Ky. 157, 287 S.W. 545, the court restated and approved the principles announced in former opinions on this point, as did also the court in the case of Morris v. Avondale Heights Co., 218 Ky. 356, 291 S.W. 752, and again in the case of Morrison v. Town of West Point, 219 Ky. 397, 292 S.W. 1095.'

" * * * 'When a subdivision is made and mapped and the map filed for public record *or exhibited to members of the public in consummating* the sale of lots, it amounts to a dedication of all the lands shown thereon for public use, whether for streets, parks, or other public purposes, and the dedication is irrevocable even though no formal acceptance by the public authorities has been made (Rowan v. Town of Portland, 8 B. Mon. 232), and even though the public is not bound to maintain the streets until such time as that duty may be undertaken. * * *'

"From the law as so found to exist, these principles are clearly deducible (1) That a public dedication of a street or way may be made by the dedicator conveying lots abutting on streets as appears from a plat made by him and by which the purchases were made whether the plat has or not been recorded; (2) that it is incompetent for him to later withdraw such dedication either from his grantee or the public when so made and has become effective; * * *."

■ Daviess Street dedicated, as we have shown, became a street of the City of Owensboro upon annexation of the territory in question. The City annexed the described territory by an ordinance of 1900. By this act of incorporation, the territory became a part of the City of Owensboro and Daviess Street became a street of that City. Breslin v. Gray, 301 Ky. 739, 193 S.W.2d 143; City of Middlesboro v. Kentucky Utilities Co., supra; Newland v. Schriver, 230 Ky. 304, 19 S.W. 2d 963.

■ Appellant, in maintaining that the City has abandoned Daviess Street between Fourteenth and Fifteenth Streets, calls attention to maps of Owensboro "bearing the names of" certain City engineers, and to the curbing and wall on the south side of Fourteenth at Daviess Street. The maps filed show Daviess Street extending from the north to Fourteenth Street, and extending from the south to Fifteenth Street. They do not show Daviess Street between Fourteenth and Fifteenth Streets. This is true probably because no street has actually been constructed there. In any case, it is not shown that these are maps adopted by the legislative body of the City of Owensboro as official maps.

■ Reference is also made to the curbing and wall across Daviess Street, and it is said that "the curbing and the wall are effectual bars to a use of the street," and we are referred to photographs in the record. The photographs reveal that the really effectual bars to Daviess Street between Fourteenth and Fifteenth Streets are the tracks of the Railroad which have been across it at this point for many years. In City of Henderson v. Yeaman, 169 Ky. 503, 184 S.W. 878, 882, we said:

"When streets are set apart and dedicated to the public use * * *. The city may delay manifesting its acceptance by control and improvement as long as it pleases. * * *

"If mere nonuser by the public, or failure on the part of the city authorities to take some affirmative action looking towards the acceptance of land dedicated to public use as a street or way, would work an abandonment of it for the purpose for which it was dedicated, to the extent that private individuals might boldly take possession of the ground so dedicated and convert it to their own uses, the city as well as the public might be deprived of valuable property, and the right to use and occupy land that had been set apart for public purposes. * * *"

154

Shurtleff v. City of Pikeville, 309 Ky. 420, 217 S.W.2d 976; McQuillin, Municipal Corporations, 3rd edition, Vol. 11, Sec. 30.182. We do not believe the facts show an abandonment of Daviess Street on the part of the City.

■ The Railroad pleaded estoppel, maintaining, among other things, that its assessment for the improvement of Fourteenth Street and the construction of a continuous curb along the south side of Fourteenth Street, including the right-of-way of Daviess Street and a retaining wall along appellant's property without a break for Daviess Street, constituted an estoppel. To sustain its plea of estoppel, appellant relies upon Dabney v. City of Portland, 124 Or. 54, 263 P. 386, and other cases from other states. In Lee v. City of Parks Hills, 295 Ky. 383, 174 S.W.2d 539, 542, land owners created a subdivision outside the city limits and constructed water mains in the streets, later conveying the property to Lee and others who exercised control over the property for more than fifteen years. There we said: "We are not in accord with appellants that the acquiescence of the City and the property owners in their exercising control over or ownership in the mains estopped the property owners from now asserting their right to use them free of charge. The City was acting in a governmental capacity in exercising control over its streets while dealing with appellants, therefore an estoppel will not lie against it." See, 31 C.J.S., Estoppel, § 138, p. 403.

Appellant maintains that there was no effectual dedication of Daviess Street, but says if there was appellant's predecessor had the right, and exercised it, to close the street. The Railroad relies upon Elizabethtown and Paducah R. Co. v. Thompson, 79 Ky. 52. Appellant says that its predecessor, "as the owner of all the abutting land between Fourteenth and Fifteenth Streets, closed this section of Daviess Street before the addition was taken into the City nearly ten years after its purported dedication," this on the idea there was no trustee for the public until the addition, including the street, was annexed to the

City, and that the abutting owners might, by mutual agreement, close the street at any time. Appellant refers to a provision in the French deed, referred to above, providing that the owners of the whole property binding on the alley shown on the Moore plat could close it. The record shows that the Railroad never owned all of the land binding on the alley. They owned the Spoke Factory, but on the west side they only owned between Fourteenth and Fifteenth Streets. Other persons owned land along the alley south of their tracts. In Hedge v. Cavender, 217 Ky. 524, 290 S.W. 342, 343, we said: "* * * The owners of the lots had the right to the use of the streets and alleys for such purposes as streets and alleys are commonly used, and they had no right to close up or obstruct these passageways; neither had the proprietor, Cavender, a right to do so. The public had an interest in and to the streets and alleys paramount to that of either the proprietor or the lot owners. * * *"

■ A City may close dedicated or existing streets, but can do so only in accordance with statutory procedure by filing an action in circuit court as set out in KRS 94.360(2). No action has been taken under the statute to close Daviess Street. Shurtleff v. City of Pikeville, 309 Ky. 420, 217 S.W.2d 976.

■ The Railroad maintains it has acquired title to Daviess Street between Fourteenth and Fifteenth Streets by adverse possession, on the ground that KRS 413.050 is not applicable and, if it were, appellant has shown the equivalent of the required notice. KRS 413.050(1) provides: "The limitations mentioned in KRS 413.-010 to 413.040 shall not begin to run in respect to actions by a city for the recovery of any part of any street, alley or other public easement or the use thereof in the city, until the legislative body of the city has been notified in writing by the party in possession or about to take possession that his possession will be adverse to the right or title of the city. Until such notice is given, all possession of any part of any street, alley or public easement in any city

shall be deemed amicable, and the person in possession the tenant at will of the city."

This statute is set out in Article 5, section 1 of Chapter 71, General Statutes of 1873, and has been in effect since that time. It was not alleged or claimed that the notice in writing required by this statute has been given by the Railroad to the City. It is claimed that the City's resolution of 1906, directing its City Attorney to notify appellant "to withdraw all obstructions and open for travel Daviess Street between Fourteenth and Fifteenth Streets" constituted such notice. It is not shown what action was taken under that resolution, but clearly such resolution did not constitute a notice by the Railroad to the City in writing that the Railroad was holding Daviess Street adversely to the City. We cannot agree that the trial court should have sustained appellant's plea of adverse possession.

■ Appellant maintains that to require it to remove its tracks would be to take its property valued at $210,000 without due process of law, contrary to sections 13 and 242 of the Kentucky Constitution, and Amendments 5 and 14 of the Federal Constitution; that the City having shown no right to extend Daviess Street across its yards would deprive appellant unlawfully of its property; that "the City has no more right to take the property of a railroad company than an individual for such public purposes." But as we have pointed out, Daviess Street was dedicated and upon annexation of the territory in question by the City, it became a street of the City and is now a street of the City. This is not a condemnation action, but an action to require the Railroad to establish a suitable street crossing in accordance with KRS 277.060 (2).

■ Appellant maintains that the equities are not with appellee. It calls attention to the cases of Cosby v. Owensboro and Russellville R. R. Co., 10 Bush 288, 73 Ky. 288; City of Owensboro v. Owensboro & N. R. Co., 40 S.W. 916, 19 Ky.Law Rep. 449, and Johnson v. Owensboro & N. Ry. Co., 36 S.W. 8, 18 Ky.Law Rep. 276,

saying that the City and the citizens have been alert to protect their rights against appellant. Appellant says "the City built up around this area many years ago, and for 59 years the public has gotten along very well without the street"; that the court should not, in the circumstances of this case, lend its aid to the establishment of a street which has never existed except as drawn on a piece of paper 59 years ago. On the basis of what we have said above, we are unable to agree with this contention.

■ Finally, appellant maintains that if appellee has the right to establish, open and construct the proposed street, that right cannot be enforced in these proceedings; that the petition as amended does not state valid grounds for relief and appellant's demurrer should have been sustained. this on the idea that this is an action "to open Daviess Street"; that "there is no allegation that there ever was a Daviess Street." This is not an action to open or establish Daviess Street because, as we have said, it was dedicated and established before the Railroad occupied the unmade street with its tracks and facilities. The petition is not artfully drawn, but it does, we believe, set out a cause of action. It is suggested that no ordinance as required by KRS 94.360 was enacted to open Daviess Street. Again this is not an action to establish a street, for the street had long ago been properly dedicated. It is an action for the removal of obstructions from the street and to construct a suitable street crossing for the passage of traffic under KRS 277.060(2).

■ The Railroad maintains that under the judgment it is required to construct a suitable crossing and restore the grade of Daviess Street before the proper authority has determined the grade. This presents a more serious question because it is not shown that any engineer has surveyed this street, or that the City has, by any ordinance, established the grade of Daviess Street between Fourteenth and Fifteenth Streets or beyond these streets. The Railroad maintains that if it should comply with the judgment before the City has by ordinance established the grade of the street,

the judgment would afford no protection against a subsequent ordinance of the City fixing different specifications. It is obvious that such a grade and other specific specifications, not only as to the grade of the street but as to the width of the street, should have been established and pleaded and proved in this action. For this reason the judgment must be reversed.

The judgment is reversed for proceedings not inconsistent with this opinion.