**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**William R. ROBERTS et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Thomas L. Withers, Mitchell & Withers, Henderson, for appellant.

William M. Deep, King, Deep & Branaman, Henderson, for appellees.

MONTGOMERY, Judge.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment in favor of William R. Roberts and wife awarding $1,000 for permanent right of way and $6,750 for damages to the remaining land. The case was tried prior to the decision in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844. The Commonwealth contends that the trial judge erred in admonishing the jury that it could award damages to the remaining property by reason of the loss of a service road.

The property taken was for the improvement of U. S. 41 south of Henderson by construction of an additional two lanes on the east side of the existing two-lane pavement. A strip of land with 122 feet frontage and an average depth of 15 feet, or a total of 1,830 square feet, was taken. It was located between the remainder of appellees' property and a 40-foot service strip or road known as Southside Drive lying next to the then existing highway right of way. In front of appellees' property appellant took for construction purposes the 40-foot service strip and the 15-foot strip.

Appellees' property was a lot in Lakeland Subdivision. The recorded plat of the subdivision contains the following recitation:

"Containing 95 acres, more or less, excepting all legal highways, right of ways, streets and alleys shown on this

plat which are hereby dedicated to the public."

By pretrial order the regular trial judge held that "the property owners do have a right to recover from the Commonwealth for damages to the remainder of their property by reason of the taking of the service road." Timely objection was made by appellant.

The special trial judge, pursuant to the order, admonished the jury as follows:
" * * * the property owner is not entitled to receive any compensation for the taking of the service road by the State for the reason that the service road is dedicated to the public use and isn't owned by the land owner as such, but the landowner is entitled to your consideration for an award in damage—if you think there is any—to the remainder of his property by virtue of the taking. * * *."
* * *

" * * * He is not entitled to be paid for that because he doesn't own it, but if the taking of it in your opinion from the evidence damages this property then that's an element of the damage. * * *."

■ At this point the Commonwealth renewed its objection to any allowance of damages or any consideration of any ownership by the landowner of any rights in the 40-foot dedication, relying on Commonwealth, Department of Highways v. Carlisle, Ky., 363 S.W.2d 104, and Department of Highways v. Jackson, Ky., 302 S.W.2d 373. Other authorities to sustain the objection are: Commonwealth, Department of Highways v. Denny, Ky., 385 S.W.

2d 776; Commonwealth, Department of Highways v. Herndon, Ky., 378 S.W.2d 620; and Commonwealth, Department of Highways v. Raybourne, Ky., 364 S.W.2d 814. In the light of these cases it was error to permit the jury to consider the loss of the 40-foot service strip in determining the damages to appellees' property.

■ There is no merit in the contention that there was no dedication or acceptance. Hedge v. Cavender, 217 Ky. 524, 290 S.W. 342; Shurtleff v. City of Pikeville, 309 Ky. 420, 217 S.W.2d 976; and Cassell v. Reeves, Ky., 265 S.W.2d 801.

Appellees' contention that appellant invited the error by reference to the closing of the service road is untenable since the trial court, over objection of appellant's counsel both before and during trial, permitted consideration of this factor by the jury. There was no alternative but to discuss it since the court had admitted it.

■ Appellees also contend that there is no claim that the verdict is excessive. The only thing in issue here is the question of how much damages should properly have been allowed by the jury. If the appellant had not felt that the damages were excessive, it is unlikely that there would have been an appeal. Ordinarily the Court would not be justified in reversing a judgment for excessive damages unless such a claim is made. However, where there are other specific claimed errors, it is implicit in the appeal that a prejudicial effect is claimed in the amount awarded, and it is unnecessary to state specifically that the award is excessive by reason of the errors claimed.

Judgment reversed.